Filed 12/7/20  P. v. Lucero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>            v.<br><br>CHERYL LYNN LUCERO,<br><br>        Defendant and Appellant. | F079788<br><br>(Super. Ct. No. CRF44425)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P.J., Smith, J. and Meehan, J.

Defendant Cheryl Lynn Lucero stands convicted of first degree murder with a firearm enhancement. On appeal, defendant contends that the trial court failed to exercise its discretion to strike the 25-years-to-life firearm enhancement and impose a lesser enhancement. The People argue the trial court had no such discretion and, in any event, would not have stricken the 25-years-to-life firearm enhancement and imposed a lesser firearm enhancement even if it had the discretion to do so. We affirm.

## PROCEDURAL SUMMARY[1]

The Tuolumne County District Attorney charged defendant with the murder of Rick Roberts and alleged various firearm enhancements. (Pen. Code, §§ 187, subd. (a), 12022.5, subd. (a), 12022.53, subds. (b)–(d).)[2] The jury found defendant guilty of first degree murder and determined that she personally and intentionally discharged a firearm, resulting in Roberts's death. (§ 12022.53, subd. (d).) The jury did not make findings on the lesser firearm enhancements. The trial court sentenced defendant to a term of 25 years to life for murder and a consecutive term of 25 years to life for the firearm enhancement.

On January 23, 2019, we vacated defendant's sentence and remanded for resentencing in light of Senate Bill No. 620 (2017–2018 Reg. Sess.; Stats. 2017, ch. 682, § 1), which granted trial courts the discretion to strike firearm enhancements if justice so requires. (§§ 12022.5, subd. (c), 12022.53, subd. (h).)

On August 2, 2019, the trial court declined to strike the 25-years-to-life firearm enhancement and reimposed the original sentence.

On August 7, 2019, defendant filed a notice of appeal.

---

[1]     On August 17, 2020, this court took judicial notice of our prior opinion in *People v. Lucero* (Jan. 23, 2019, F072676) [nonpub. opn.]. On our own motion, we take judicial notice of the appellate record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

[2]     All further statutory references are to the Penal Code unless otherwise stated.

## FACTUAL SUMMARY

Roberts was married. Defendant met Roberts in 2009 or 2010. At some point, defendant and Roberts may have been involved in an extramarital romantic and sexual relationship. Defendant may also have stalked Roberts and his family. Roberts drove a race car. Defendant had that race car tattooed on her hip, kept photographs of Roberts and a painting of his car in "shrine" in her apartment, told people that he was her boyfriend, and created a handwritten wedding announcement for her marriage to Roberts.

On February 16, 2014, defendant shot Roberts twice, killing him. Defendant eventually admitted shooting Roberts, but claimed she accidentally fired the gun while trying to scare him. When defendant was told she was under arrest, she recanted and blamed an ex-boyfriend for the shooting. At trial, defendant testified that she had lost the gun before Roberts was shot. She insinuated that her boyfriend at the time of the shooting may have taken her gun and shot Roberts.

## DISCUSSION

Defendant argues that the trial court did not understand that it had the discretion to strike her 25-years-to-life firearm enhancement and impose a lesser firearm enhancement. She contends the trial court erroneously "thought it was faced with an all-or-nothing choice" to strike the 25-years-to-life enhancement or to impose it. The People contend that the trial court appeared to believe that it had the discretion to strike the 25-years-to-life enhancement and impose a lesser firearm enhancement when, in fact, it did not.

We agree with the People. First, we presume that the trial court was aware of, and did not misunderstand the scope of, its discretion, and nothing in the record rebuts that presumption. Second, we conclude that the trial court lacked the discretion to impose a lesser firearm enhancement. Third, we further conclude that even if the court had the discretion to impose a lesser firearm enhancement and misunderstood that discretion, such error was harmless because the trial court clearly indicated it would have reached the same outcome even if it had such discretion.

3.

## A.  Statutory Overview

"Section 12022.53 sets out three different sentence enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses: subdivision (b) provides for a 10-year enhancement for the personal use of a firearm, subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm, and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death. Before the enactment of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1, 2, eff. Jan. 1, 2018), section 12022.53, subdivision (h) expressly prohibited trial courts from striking section 12022.53 enhancements.  [Fn. omitted.]  Senate Bill No. 620 … amended section 12022.53, subdivision (h) to give trial courts discretion to 'strike or dismiss' enhancements imposed under this section 'in the interest of justice pursuant to [s]ection 1385.' "  (*People v. Tirado* (2019) 38 Cal.App.5th 637, 642.)

## B.  Additional Background

On remand, defendant moved the trial court to strike the 25-years-to-life firearm enhancement, or in the alternative, strike that enhancement and impose a lesser firearm enhancement.  In support of her argument in the alternative, defendant relied upon *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*).  In *Morrison*, the defendant was charged with murder and a 25-years-to-life firearm enhancement under section 12022.53, subdivision (d).  (*Id*. at p. 220.)  The defendant was convicted of first degree premeditated murder and the firearm enhancement was found true.  (*Ibid*.)  The defendant was sentenced to 25 years to life for murder and 25 years to life for the firearm enhancement.  (*Ibid*.)  After sentencing, the defendant requested a recall of the sentence in light of Senate Bill No. 620.  (*Ibid*.)  The trial court recalled the sentence but denied the request to strike the enhancement.  It then reimposed the original sentence.  On appeal, the First District Court of Appeals vacated the sentence and remanded for resentencing because it concluded that the trial court was unaware that it had the

4.

discretion to strike the 25-years-to-life firearm enhancement (§ 12022.53, subd. (d)), and impose a " 'lesser included' " firearm enhancement (§§ 12022.5, subd. (a), 12022.53, subds. (b) & (c)), if it was in the interest of justice to do so. (*Morrison*, at pp. 222–225.)

In her written response, the prosecutor argued that the 25-years-to-life firearm enhancement should not be stricken because it would not be in the interest of justice. That response was silent regarding whether the trial court could impose a lesser firearm enhancement. However, during the hearing on defendant's motion, the prosecutor appears to have assumed that the trial court had the discretion to substitute a lesser firearm enhancement but contended it was not in the interest of justice to do so.[3] She argued that "to impose a lesser gun enhancement makes no sense because those enhancements relate to, did she discharge a firearm in the commission of an offense. Well, yes. But she killed somebody with it. And that is what 12022.53(d) is designed to punish. [¶] To impose a lesser gun enhancement doesn't really match the conduct in this case. The (c) enhancement is just her discharging a weapon, not killing someone with it. And the (a) and the (b) is just for personal use of a weapon in the commission of a crime …."

The trial court considered the parties' arguments and stated that it had read the parties' briefs, but it did not squarely address whether it believed it had the discretion to impose a lesser firearm enhancement. After the parties' argument, the trial court relayed the facts of the offense and found "no circumstances" that would lead it to "find that it would be in the interest of justice to strike the firearm enhancement that [it] previously imposed at the time of sentencing." The trial court found that the evidence was compelling. It explained that the "stalking," "the continued deflection of responsibility to other people, the timing of the purchase of the weapon[,] … the actual murder of

---

[3]    As the People note, at the time of resentencing, *Morrison* was the only published case on the issue. The prosecutor appears to have accepted it was correctly decided.

5.

Mr. Roberts …[,] and the [existence of] the shrine, the photographs, the tattooing, [and] the wedding invitations" all support imposition of the 25-years-to-life firearm enhancement.

## C. Analysis

First, in the absence of any affirmative indication to the contrary, " 'a trial court is presumed to have been aware of and followed the applicable law. [Citations.]' [Citations.] This rule derives in part from the presumption of Evidence Code section 664 'that official duty has been regularly performed.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) This presumption, however, is rebutted where "the record demonstrates the trial court was unaware of its discretion or that it misunderstood the scope of its discretion under the applicable law." (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 334.)

Here, the record is absent of any indication that the trial court did not believe that it had the discretion to strike the 25-years-to-life enhancement and impose a lesser firearm enhancement. When the trial court resentenced defendant, *Morrison* was the only published opinion addressing the issue and the parties appeared to accept that the trial court could impose a lesser firearm enhancement if justice so required. Further, the trial court's decision—to not strike the 25-years-to-life enhancement—was not inconsistent with it holding the belief that it had discretion to impose a lesser enhancement. We therefore must conclude that the trial court understood its discretion to encompass striking the 25-years-to-life enhancement and imposing a lesser firearm enhancement, but it declined to exercise that discretion.

Second, we conclude—based on case authority published after defendant was resentenced—that the trial court lacked the discretion to impose a lesser firearm enhancement that was not found true by the jury. *People v. Tirado*, *supra*, 38 Cal.App.5th at p. 644, review granted November 13, 2019, S257658; *People v. Garcia* (2020) 46 Cal.App.5th 786, 790–794, review granted June 10, 2020, S261772; and

6.

*People v. Yanez* (2020) 44 Cal.App.5th 452, 458–460, review granted April 22, 2020, S260819, are contrary to *Morrison*. We find these authorities more persuasive than *Morrison*.

Third, recognizing that our Supreme Court will soon have the final word on the matter, we also conclude that even assuming the trial court had the discretion to substitute a lesser included firearm enhancement, *and* it did not understand that it had such discretion, remand would be unnecessary in this case.

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Flores* (2020) 9 Cal.5th 371, 431–432.)

Here, the trial court concluded that the interest of justice was not served by "strik[ing] the firearm enhancement … previously imposed." The trial court reimposed the 25-years-to-life enhancement because the evidence was compelling that defendant personally and intentionally shot Roberts, causing death. The record clearly indicates that the trial court would not have stricken the 25-years-to-life enhancement and imposed a lesser enhancement even if it had the discretion to do so.

## DISPOSITION

The judgement is affirmed.