[No. C041206. Third Dist. July 15, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WAYNE LIZARRAGA, Defendant and Appellant.

COUNSEL

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Patrick J. Whalen and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—A jury convicted defendant Robert Wayne Lizarraga of receiving stolen property. (Pen. Code, § 496, subd. (a).) The trial court sentenced him to state prison for the midterm of two years.

On appeal, defendant claims the trial court erred by failing to make a determination as to whether he should be committed to the California Rehabilitation Center (CRC). (Welf. & Inst. Code, § 3051.) We find defendant waived the issue by not raising it in the trial court, and we reject his fallback argument that his trial counsel was ineffective for not raising the issue. Consequently, we shall affirm the judgment.

## FACTUAL BACKGROUND

On September 29, 1999, defendant was at the scene of a brush fire. A search of his vehicle revealed property stolen from the Sacramento City Fire Department, including a shirt, badge, and flashlight. Defendant was charged with arson of a structure or forest land (Pen. Code, § 451, subd. (c)), in addition to receiving stolen property. The jury was unable to reach a verdict on the arson charge, and it was dismissed on motion of the prosecutor.

Defendant's record includes 12 misdemeanor convictions in the period from 1988 to 2000. Many of defendant's convictions are for drug-related offenses, but he has also sustained convictions for fighting, causing loud noise, or using offensive words in a public place (Pen. Code, § 415), theft (Pen. Code, § 484), falsely reporting a crime (Pen. Code, § 148.5, subd. (a)), and receiving stolen property. Defendant has served multiple jail terms in conjunction with repeated grants of probation.

In connection with sentencing in this case, defendant admitted a history of drug abuse and requested probation. In arguing the matter, his counsel claimed defendant was "not on drugs now." The trial court denied probation, citing the circumstances of the crime and other factors relating to defendant. For example, the court commented on defendant's prior record and conduct, his poor performance on previous grants of probation, and his drug problem.

## DISCUSSION

Defendant claims the trial court erred by failing to make a determination as to whether he should be committed to CRC as a drug addict. Welfare and Institutions Code section 3051 provides in pertinent part: "Upon conviction of a defendant for a felony, ... if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."

Defendant essentially concedes that he did not raise the issue of a CRC commitment in the trial court. He also acknowledges that *People v. Planavsky* (1995) 40 Cal.App.4th 1300 [47 Cal.Rptr.2d 723] (*Planavsky*), decided by Division Three of the Fourth Appellate District, indicates he has waived his right to raise the issue on appeal, but he claims the case was wrongly decided. We disagree. We agree with *Planavsky*.

According to *Planavsky, supra,* 40 Cal.App.4th 1300 at pages 1305–1315, defendant's claim of error is waived since he did not raise the issue of a CRC commitment in the trial court. The court in *Planavsky* noted that earlier authority considering or declining to consider this type of issue on appeal could "be harmonized merely on the basis of whether the trial judge made a formal finding of addiction or imminent danger of addiction." (*Id.* at p. 1310.) *Planavsky* instead relied on the " 'practical and straightforward' approach toward waiver recently enunciated by the California Supreme Court in *People v. Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040]." (*Planavsky, supra,* at p. 1302.) The court observed: "It is wasteful—and, frankly, an incentive for gamesmanship—to allow easily correctable sentencing errors to be raised for the first time on appeal where an appellate court has 'no choice' but to remand when there is prejudicial error. [Citation.] It is an expensive, time-consuming process that could be easily avoided by simply calling something to the trial court's attention." (*Id.* at p. 1311.)

Defendant claims *Planavsky* wrongly applies the waiver doctrine articulated in *People v. Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], and its progeny to CRC commitments, which do not involve ordinary sentencing issues. He argues that Welfare and Institutions Code section 3051 reflects a legislative determination to address *all* criminal defendants with addiction problems, as evidenced by the fact that a CRC commitment may be involuntary. (See, e.g., *People v. Leonard* (1972) 25 Cal.App.3d 1131, 1136–1137 [102 Cal.Rptr. 435]; Welf. & Inst. Code, § 3000.) Defendant explains, "[T]o effectively give control of the trial court's exercise of discretion to a drug addicted defendant who may not want to seek treatment is to certainly frustrate the important policy of rehabilitation."

We reject defendant's attempt to circumvent the waiver doctrine. All waiver cases reflect a certain tradeoff between the consistent application of the law and principles of judicial economy and fairness. Further, "there is no necessary relationship behind a policy in favor of rehabilitation and a mandate that a request for CRC commitment may be raised for the first time on appeal." (*Planavsky, supra,* 40 Cal.App.4th 1300, 1313.) ▮ Indeed, the waiver doctrine does not limit the *trial court's* ability to commit a defendant to CRC.[1] The waiver doctrine only limits the *defendant's* ability to challenge the trial court's failure to do so when he or she has not raised the issue in the trial court. In those circumstances, the rationale underlying the waiver doctrine is assuredly implicated, i.e., "to bring errors to the attention of the trial court so they may be corrected or avoided." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 [33 Cal.Rptr.2d 217].)

---

[1] We note, however, that a defendant is guaranteed certain procedural safeguards, including a jury trial, in cases in which he or she is "dissatisfied" with an order of commitment. (Welf. & Inst. Code, §§ 3051, 3108.)

As a fallback argument, defendant suggests that his trial counsel was ineffective for failing to raise the issue. ■ To prevail on this claim, defendant must show his counsel's representation fell below an objective standard of reasonableness and, but for counsel's error, there is a reasonable probability of a more favorable outcome. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 693–694 [80 L.Ed.2d 674, 104 S.Ct. 2052]; *People v. Ledesma* (1987) 43 Cal.3d 171, 215–218 [233 Cal.Rptr. 404, 729 P.2d 839].) Further, defendant is not entitled to relief on direct appeal if the record does not show why counsel failed to act in the manner defendant challenges, unless there is no satisfactory explanation for counsel's conduct or counsel was asked for an explanation and failed to provide one. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [62 Cal.Rptr.2d 437, 933 P.2d 1134].)

Here, defendant has not shown his counsel was ineffective. There may be many legitimate reasons for counsel's failure to request a CRC commitment. Defendant's counsel stated that defendant was "not on drugs now." Counsel may therefore have had reliable information that defendant was not addicted, or in imminent danger of being addicted, to narcotics. Or, defendant's counsel could have believed "defendant's record and probation report indicate[d] such a pattern of criminality that [defendant did] not constitute a fit subject for commitment ...." (Welf. & Inst. Code, § 3051.) Alternatively, defendant might have indicated he did not want a CRC commitment for reasons relating to the programs offered by CRC, the different conditions of confinement, or other factors having to do with the period of confinement. Indeed, "[i]t is settled that a defendant is not entitled to worktime or conduct credits for time served at CRC." (*People v. Nubla* (1999) 74 Cal.App.4th 719, 731 [88 Cal.Rptr.2d 265]; see also *People v. Jones* (1995) 11 Cal.4th 118, 122–125 [44 Cal.Rptr.2d 164, 899 P.2d 1358].) Thus, defendant may prefer serving a short prison sentence, which could be substantially reduced by worktime credit under Penal Code section 2933. If defendant were instead committed to CRC and later excluded, he might end up serving more time in confinement than he otherwise would have.

Because there are numerous plausible reasons why counsel did not request a CRC commitment, no ineffectiveness of counsel appears on this record.

## DISPOSITION

The judgment is affirmed.

Scotland, P.J.and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 2003.