[No. S108187. Dec. 1, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY BRIAN STOWELL, Defendant and Appellant.

COUNSEL

Bradley A. Bristow, under appointment by the Supreme Court, and George L. Mertens, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Mary Jo Graves, Assistant Attorney General, Shirley A. Nelson, Rachelle A. Newcomb, Patrick J. Whalen and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN, J.**—Since 1996, the Legislature has directed that upon conviction of lewd and lascivious acts with a child, in violation of Penal Code section 288, a defendant shall be ordered "to submit to a blood . . . test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS)" "if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV [human immunodeficiency virus] has been transferred from the defendant to the victim: [¶] . . . [¶] For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared." (Pen. Code, § 1202.1, subds. (a), (e)(6)(A), (B).) The question presented is whether a defendant may challenge such an order on appeal if he has failed to object to the absence of an express finding of probable cause or docket notation.[1]

---

[1] In the companion case of *People v. Butler* (2003) 31 Cal.4th 1119 [6 Cal.Rptr.3d 730, 79 P.3d 1036], we consider the cognizability of an HIV testing order, absent a timely objection, for insufficiency of the evidence to support a finding of probable cause.

We conclude that appeal of an HIV testing order on this basis should be subject to the general rule requiring a timely objection. Accordingly, we affirm the judgment of the Court of Appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Timothy Brian Stowell was charged with violating Penal Code sections 288 , subdivision (a) (lewd and lascivious acts with a minor), and 289, subdivision (j) (sexual penetration of a minor with a foreign object). Because defendant does not challenge the sufficiency of the evidence in any regard, we recount the facts only briefly as distilled from the Court of Appeal opinion.

On July 25, 1998, Tracie H. and her four-year-old daughter, Taylor—the victim—spent the day with defendant and his girlfriend, LeaAnn Thompson. That evening, they returned to the motel where defendant and Thompson lived (Thompson was the resident manager). Tracie decided she and Taylor would spend the night. They went to sleep in the bedroom while defendant and Thompson remained in the living room. About 2:30 a.m., Tracie was awakened by Taylor's "rustling" in the bed and told her to settle down. Tracie then heard a male voice say "tight little pussy" and Taylor say "Don't, Tim. Quit it." She asked, "Taylor, what is he doing to you?" Taylor responded, "He's got his finger in my pee-pee." Tracie immediately took Taylor from the bed and left the motel.

When interviewed by the police, defendant first stated that he had no recollection of getting into the bed with Taylor or of touching her. In a second interview, he admitted inserting his finger into Taylor's vagina.

The jury found defendant guilty on both counts. The court determined he was ineligible for probation and sentenced him to six years in prison. It also ordered him to submit to a blood test for HIV, as recommended in the probation department's presentence report.

On appeal, defendant sought to have the testing order invalidated because the trial court had failed to state on the record its finding of probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV had been transferred from him to Taylor[2] or to note the finding in the court docket or minutes.

---

[2] For convenience throughout the remainder of the discussion, we will use "probable cause" to denote "probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim." (Pen. Code, § 1202.1, subd. (e)(6)(A).)

In an unpublished decision, the Court of Appeal affirmed the judgment. With respect to the HIV testing, the court held defendant had forfeited any challenge by failing to object at the time the order was imposed.

## DISCUSSION

Penal Code section 1202.1 provides in relevant part that "[n]otwithstanding Sections 120975 and 120990 of the Health and Safety Code, the court shall order every person who is convicted of . . . a sexual offense listed in subdivision (e) . . . to submit to a blood . . . test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS) . . . ." (Pen. Code, § 1202.1, subd. (a).) Penal Code section 1202.1, subdivision (e)(6)(A)(iii) includes "[l]ewd or lascivious conduct with a child in violation of Section 288,"[3] but with the proviso that testing shall be ordered only "if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim: [¶] . . . [¶] For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared." (Pen. Code, § 1202.1, subd. (e)(6)(A), (B).)

In this case, the trial court ordered HIV testing, but did not make an express finding of probable cause. Nor did the court enter an appropriate notation in the docket or minute order. On appeal, defendant contended these deficiencies rendered the order invalid. Addressing the threshold question of the scope of review, the Court of Appeal applied the analytical framework this court utilized in *People v. Scott* (1994) 9 Cal.4th 331, 352–356 [36

---

[3] In 2002, the Legislature amended Penal Code section 1202.1, subdivision (e)(6), to expand the list of enumerated offenses. (See Stats. 2002, ch. 831, § 1.) It now provides:

"(e)(6)(A) Any of the following offenses if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim:"

"(i) Sexual penetration in violation of Section 264.1, 266c, or 289.

"(ii) Aggravated sexual abuse of a child in violation of Section 269.

"(iii) Lewd or lascivious conduct with a child in violation of Section 288.

"(iv) Continuous sexual abuse of a child in violation of Section 288.5.

"(v) The attempt to commit any offense described in clauses (i) to (iv), inclusive.

"(B) For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared."

Penal Code section 1202.1, subdivision (e) also includes:

"(1) Rape in violation of Section 261 or 264.1.

"(2) Unlawful intercourse with a person under 18 years of age in violation of Section 261.5 or 266c.'

"(3) Rape of a spouse in violation of Section 262 or 264.1.

"(4) Sodomy in violation of Section 266c or 286.

"(5) Oral copulation in violation of Section 266c or 288a."

An HIV testing order pursuant to these provisions does not require a finding of probable cause.

Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*), and *People v. Smith* (2001) 24 Cal.4th 849, 852–853 [102 Cal.Rptr.2d 731, 14 P.3d 942] (*Smith*), to determine the cognizability of certain sentencing decisions. In *Scott*, the court distinguished between unauthorized sentences—those that "could not lawfully be imposed under any circumstances in the particular case" (*Scott*, at p. 354)—and discretionary sentencing choices—those "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Ibid.*) As to the former, lack of objection does not foreclose review: "We deemed appellate intervention appropriate in these cases because the errors presented 'pure questions of law' [citation] and were ' "clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.] In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable." (*Smith*, at p. 852.) With respect to the latter, however, the general forfeiture doctrine applies and failure to timely object forfeits review. Such "[r]outine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Scott*, at p. 353; see also *People v. Welch* (1993) 5 Cal.4th 228, 232–237 [19 Cal.Rptr.2d 520, 851 P.2d 802].)

Drawing on the analysis in *Scott* and *Smith*, the Court of Appeal below found defendant had forfeited his claim on appeal. First, the trial court could have readily corrected the defect in its order upon timely notification. Second, given the uncertainties in the evidence adduced at trial, "whether the trial court could have ordered a blood test depended upon factual issues in the record or requires a remand for further findings." "We cannot substitute for the trial court in reconstructing what happened, which must be based not only on the medical testimony but on the credibility of the testimony as to what happened. This is precisely the type of circumstance that required a timely objection, which would have resulted in a finding that we could review on appeal."

Although we agree with the Court of Appeal's result in this case, we do not adopt the analytical template of *Scott* and *Smith* for issues arising under Penal Code section 1202.1. ▉ Since HIV testing does not constitute punishment (see *People v. McVickers* (1992) 4 Cal.4th 81, 83 [13 Cal.Rptr.2d 850, 840 P.2d 955]), it cannot properly be considered a sentencing choice. While the order is made at the time sentence is imposed, the Legislature enacted section 1202.1 and related HIV testing statutes as health and safety measures to combat the spread of AIDS, not to increase criminal penalties. (See, e.g., *McVickers*, at p. 89; *People v. Hall* (2002) 101 Cal.App.4th 1009, 1018 [124 Cal.Rptr.2d 806].) Instead, we conclude that the general forfeiture rationale applies, and on that basis hold that the failure to make an express finding of probable cause and to note that finding in the docket is not subject to review absent a timely objection.

The forfeiture doctrine is a "well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. [Citation.]" (*People v. Vera* (1997) 15 Cal.4th 269, 275 [62 Cal.Rptr.2d 754, 934 P.2d 1279]; see *People v. Saunders* (1993) 5 Cal.4th 580, 589–590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184–185 [151 Cal.Rptr. 837, 588 P.2d 1261].) Strong policy reasons support this rule: "It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]" (*Vera*, at p. 276.) " ' " 'The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.' " ' [Citation.]" (*Saunders*, at p. 590.)

 This rationale applies with equal force to claims under Penal Code section 1202.1, subdivision (e)(6), that the trial court failed to make an express finding or notation of probable cause. Any deficiencies in this regard are easily remedied upon timely objection. (Cf. *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1061 [120 Cal.Rptr.2d 687] ["if defendant had objected to imposition of the [sex offender] registration requirement on the ground the predicate fact was not alleged in the information, the court could have sought to cure any prejudice from the lack of notice"].) And such procedural defects do not implicate any fundamental or constitutional right that might excuse the failure to object. (See *People v. Vera, supra,* 15 Cal.4th at p. 276.)

 Moreover, the statute neither requires an express finding (cf. Pen. Code, § 1385, subd. (a)) nor contains any sanction for noncompliance. (Cf. *Malengo v. Municipal Court* (1961) 56 Cal.2d 813, 816 [17 Cal.Rptr. 10, 366 P.2d 453] [speedy trial directive under Pen. Code § 1050 is directory only "and contains no provision for the dismissal of a case when its terms are not complied with"].) In this circumstance, we apply the general rule "that a trial court is presumed to have been aware of and followed the applicable law. [Citations.]" (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496–497 [62 Cal.Rptr.2d 268]; see, e.g., *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413–1414, fn. 2 [118 Cal.Rptr.2d 99]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517 [77 Cal.Rptr.2d 492].) This rule derives in part from the presumption of Evidence Code section 664 "that official duty has been regularly performed." Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order. (See, e.g., *People v. Henson* (1991) 231 Cal.App.3d 172, 182 [282 Cal.Rptr. 222] [presuming on a silent record that the trial court properly exercised its discretion in imposing AIDS

education as a condition of probation].) We see no reason to disregard these principles here. ■ With respect to notation of the probable cause finding in the docket, nothing in the statutory language or the legislative history[4] indicates the Legislature intended to make validity of HIV testing dependent on an essentially ministerial act. Nevertheless, we admonish trial courts that legislative directives are to be observed even when not mandatory. To the extent a notation in the docket, particularly when accompanied by an express finding of probable cause, focuses the court's attention on the relevant facts, it ensures the ensuing order will be supported by substantial evidence. (See, e.g., *People v. Guardado* (1995) 40 Cal.App.4th 757, 765 [47 Cal.Rptr.2d 81].)

Analogizing to Penal Code section 1385, defendant contends these procedural directives are conditions precedent to a valid order. Section 1385, subdivision (a), authorizes a trial court to dismiss an action "in furtherance of justice" but requires that "[t]he reasons for the dismissal must be set forth in an order entered upon the minutes." Courts have long held that " '[t]he statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement.' " (*People v. Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65, 533 P.2d 193] (*Orin*).) As we explained in *Orin*, "The underlying purpose of this statutory requirement is 'to protect the public interest against improper or corrupt [fn. omitted] dismissals' and to impose a purposeful restraint upon the exercise of judicial power ' "lest magistral discretion sweep away the government of laws." ' [Citations.]" (*Ibid.*) Thus, the reasons cannot be "merely inferable" from the record because that does "not fulfill the purpose of the statute that the court indicate *why* its dismissal is 'in furtherance of justice' but on the contrary leaves the record vague and subject to speculation as to the reasons for the court's action." (*Id.* at pp. 944–945, fn. omitted.)

This requirement is a necessary concomitant of the nature and scope of the discretionary authority Penal Code section 1385 vests in the trial court, which "while broad, is by no means absolute." (*Orin, supra,* 13 Cal.3d at p. 945.) Lacking a statutory definition of the "amorphous concept" " 'in furtherance of justice' " (*ibid.*) and considering the impact of dismissals on the administration of criminal justice (*id.* at pp. 946–947), "appellate courts have been faced with the task of establishing the boundaries of the judicial power conferred by the statute as cases have arisen challenging its exercise." (*Id.* at p. 945.) Discharging this task would prove impossible without an explicit statement by which to measure the trial court's exercise of discretion against an evolving standard. (*Ibid.*)

---

[4] We grant defendant's request that the court take judicial notice of the legislative history of Penal Code section 1202.1. (Evid. Code, §§ 452, subd. (c), 459.)

None of the foregoing concerns and considerations obtain with respect to a probable cause finding under Penal Code section 1202.1, subdivision (e)(6). ■ To begin, the express terms of section 1202.1, subdivision (e)(6) do not require that the trial court set forth its reasons in an order but only that it note the probable cause finding on the docket. To the extent the court's obligation is substantially more limited in this regard, it is proportionately less significant. Furthermore, a probable cause finding is not an exercise of the trial court's discretion but a determination of the facts in light of an objective legal standard. (Cf. *People v. Adair* (2003) 29 Cal.4th 895, 904–905 [129 Cal.Rptr.2d 799, 62 P.3d 45] [reasonable cause to believe the defendant is factually innocent pursuant to Pen. Code, § 851.8 is objective legal standard].) Accordingly, a trial court's failure to state or note its probable cause finding does not impair or impede a reviewing court's ability to determine the propriety of a testing order. HIV testing also does not implicate the administration of criminal justice. As noted, the Legislature's primary concern in enacting Penal Code section 1202.1 was the health and safety concern with the spread of AIDS. ■ Unlike the other sex offenses listed in section 1202.1, subdivision (e) (see *ante*, fn. 3), those enumerated in subdivision (e)(6)(A) can be committed without establishing the medical predicate for possible HIV contraction—the transference of bodily fluids. (See, e.g., *People v. Mickle* (1991) 54 Cal.3d 140, 176 [284 Cal.Rptr. 511, 814 P.2d 290] [touching of child unnecessary; evidence sufficient if the defendant compelled child to disrobe]; *People v. Meacham* (1984) 152 Cal.App.3d 142, 153–154 [199 Cal.Rptr. 586] [evidence sufficient where the defendant instigated children to touch their own genitalia]; *People v. Lanham* (1934) 137 Cal.App. 737, 740 [31 P.2d 410] [evidence sufficient where the defendant removed child's panties].) A finding of probable cause to believe such transference has occurred is therefore necessary to establish the nexus between that medical predicate and an HIV testing order consistent with the defendant's constitutional rights (see *People v. Hall, supra,* 101 Cal.App.4th at pp. 1021–1022) and the victim's privacy interests. (See *People v. Guardado, supra,* 40 Cal.App.4th at pp. 764–765.)

Defendant also argues that because Penal Code section 1202.1 implicates the interests of third parties (the victims who might be exposed to HIV infection), an express finding of probable cause and docket notation are mandatory, from which it follows that appeal is not subject to forfeiture. (See, e.g., *In re Marinna J.* (2001) 90 Cal.App.4th 731, 739 [109 Cal.Rptr.2d 267].) Defendant cites no authority that this consideration is relevant under the general forfeiture principle. ■ On the contrary, third party interests do not constitute a recognized exception, which is limited to deprivation of certain fundamental constitutional rights or acts in excess of jurisdiction. (See *People v. Vera, supra,* 15 Cal.4th at p. 276; cf. *People v. Adames* (1997) 54

Cal.App.4th 198, 211 [62 Cal.Rptr.2d 631] [the defendant did not object at trial but challenged HIV testing order as ex post facto law].)

■ We therefore hold that absent an objection in the trial court, a defendant forfeits appeal of any deficiency in the statutorily required finding supporting an HIV testing order pursuant to Penal Code section 1202.1, subdivision (e)(6) or a notation of that finding in the docket or minutes.[5]

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**BAXTER, J.,** Concurring.—I agree with the majority that a defendant who fails to object in the trial court forfeits appeal of any deficiency in the statutorily required finding supporting an HIV testing order imposed under Penal Code section 1202.1, subdivision (e)(6) as well as any failure to note that finding in the docket or minutes. I write separately only to question the majority's decision not to invoke our well-settled jurisprudence relating to unobjected—to sentencing error and to rely instead on a "general forfeiture rationale." (Maj. opn., *ante*, at p 1107 Because the majority does not adequately explain how these doctrines differ or how to determine which doctrine should apply, I fear that the court's opinion will introduce needless uncertainty into this area of the law.

The Court of Appeal relied on *People v. Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*), in which we distinguished between unauthorized sentences—i.e., sentences that "could not lawfully be imposed under any circumstance in the particular case" (*id.* at p. 354)—and sentencing error deemed forfeited on appeal—i.e., "sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Ibid.*) Unauthorized sentences, we explained, constitute a "narrow exception" to the "general requirement" that "only those claims properly

---

[5] With respect to how a defendant should object to the absence of a probable cause notation, we note that unlike most situations implicating forfeiture, the relevant act usually does not take place in the defendant's presence. Rather, the court makes the notation in the docket and minute order after the sentencing hearing. Thus, to determine whether the court has complied with the notation requirement the defendant will generally have to check the docket entry and minute order after they have been prepared. If the required notation is missing, the defendant must then submit an objection, presumably, although not necessarily, in writing. We suggest this procedure only as guidance in preserving the notation issue. Defendants remain free to register their objections in any reasonable and timely manner that brings the omission to the trial court's attention.

raised and preserved by the parties are reviewable on appeal." (*Ibid.*) Applying *Scott*'s general rule, the Court of Appeal reasoned that defendant, by failing to object in the trial court, had forfeited his claim that the HIV testing order was imposed in a procedurally flawed manner.

I would embrace the Court of Appeal's straightforward analysis. The majority, however, does not. Its rationale for refusing to do so consists of this sentence: "Since HIV testing does not constitute punishment (see *People v. McVickers* (1992) 4 Cal.4th 81, 83 [13 Cal.Rptr.2d 850, 840 P.2d 955]), it cannot properly be considered a sentencing choice." (Maj. opn., *ante*, at p. 1107.) In my view, the premise does not support the conclusion. *Scott* nowhere limited itself to punishment and instead referred broadly to "sentencing decisions" (*Scott, supra,* 9 Cal.4th at p. 348), "sentencing choice[s]" (*id.* at p. 352), and just plain old "sentences." (*Id.* at p. 354.)

Moreover, the *Scott* rule has regularly been applied to bar a defendant from challenging for the first time on appeal other nonpunitive sentencing decisions, such as a trial court's failure to commit a defendant to the California Rehabilitation Center (e.g., *People v. Lizarraga* (2003) 110 Cal.App.4th 689, 692 [1 Cal.Rptr.3d 865]; *People v. Planavsky* (1995) 40 Cal.App.4th 1300, 1311–1315 [47 Cal.Rptr.2d 723]) or a trial court's imposition of rehabilitative probation conditions (e.g., *In re Josue S.* (1999) 72 Cal.App.4th 168, 170–173 [84 Cal.Rptr.2d 796]; *People v. Torres* (1997) 52 Cal.App.4th 771, 782–783 [60 Cal.Rptr.2d 803]). Indeed, *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1060–1061 [120 Cal.Rptr.2d 687]—which is cited by the majority— applied *Scott* to bar a defendant from challenging for the first time on appeal a requirement that he register as a sex offender. Sex offender registration, like HIV testing, is nonpunitive. (*People v. Ansell* (2001) 25 Cal.4th 868, 886 [108 Cal.Rptr.2d 145, 24 P.3d 1174]; see generally *Smith v. Doe* (2003) 538 U.S. 84, 92-96 [155 L.Ed.2d 164, 123 S.Ct. 1140].)

Accordingly, the line drawn by the majority is illusory. And, inasmuch as the parties agreed at oral argument that the framework set forth in *Scott* applied to this case, it is unnecessary. Finally, in light of the majority's acknowledgement that *Scott* is merely an application of "the general forfeiture doctrine" (maj. opn., *ante*, at p. 1107), the distinction it purports to draw between the two is mystifying. I therefore concur only in the result.

Appellant's petition for a rehearing was denied January 22, 2004.