Filed 2/21/23 In re M.S. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B315690 (Super. Ct. No. YJ40570) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.S.,<br><br>    Defendant and Appellant. | |

M.S. appeals a judgment of the juvenile court declaring him a ward of the court pursuant to Welfare and Institutions Code section 602, and ordering the Department of Children and Family Services to find suitable placement.

This appeal involves M.S.'s acts in aiding and abetting the robbery of a bus passenger of his cellular telephone and wallet. Surveillance cameras captured M.S.'s actions during the robbery and the videotapes were viewed by the juvenile court during

adjudication.  M.S. now raises an evidentiary challenge to the testimony of Los Angeles Police Detective Kelly Edwards describing M.S.'s conduct in the videotapes.  We reject M.S.'s contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On July 22, 2021, the prosecutor filed a Welfare and Institutions Code section 602 petition alleging that M.S. committed second degree robbery against A.V.  (Pen. Code, § 211.)[1]

On May 18, 2021, A.V. watched a soccer game on his cellular telephone as he rode a bus in Los Angeles.  Three or four men approached A.V. and one man asked to borrow A.V.'s telephone to make a call.  A.V. refused the request and placed the telephone in his pants pocket.  The three men then grabbed A.V., pulled him from the bus, and forcibly took his telephone and wallet.  A.V. suffered an arm injury during the incident.  The men then ran away.

At the adjudication, A.V. initially identified M.S. as one of his assailants.  He later equivocated, however, and said that his identification might be mistaken.

*Edwards's Testimony*

Detective Edwards, a police officer for 20 years, investigated the robbery.  He watched the videotapes from the bus's surveillance cameras.  He recognized M.S. in the videotape.  As the bus approached a stop, M.S. left his seat and stood in the aisle holding two handrails while three men approached A.V.  M.S. left the bus while holding his hand to his ear or face and appeared to watch the altercation behind him.  The videotape

---

[1] All statutory references are to the Penal Code unless stated otherwise.

2

then reflected three men pulling A.V. from the bus. The four men (including M.S.) later ran in the same direction.

Edwards opined that M.S. participated in the robbery of A.V. by preventing A.V. from escaping: "My opinion is it was an orchestrated robbery, where [M.S.] was standing, [blocking] the avenue of escape for the victim, while the other individuals attempted to take his belongings. [A]s the bu[s] comes to a stop, [M.S.] stands up from his seat, moves to stand right in the walkway, grabs both the handles, while the other defendants go in and try to take the victim's property at the same time."

On August 11, 2021, following a contested adjudication, the juvenile court found the allegation of second degree robbery, a felony, true, and it sustained the July 22, 2021, petition. On other dates, the court sustained three additional wardship petitions involving M.S. These petitions were: a June 15, 2020, petition alleging the taking of a vehicle without consent (Veh. Code, § 10851, subd. (a)); a July 23, 2021, petition alleging two counts of second degree robbery and one count of assault by means of force likely to produce great bodily injury (§§ 211, 245, subd. (a)(4)); and a July 27, 2021, petition alleging first degree robbery of a transit passenger (§ 211).

On October 4, 2021, the juvenile court held a disposition hearing regarding the four petitions. The court then declared M.S. a ward of the court and calculated a maximum period of confinement of seven years eight months. It further ordered that the Department of Children and Family Services find suitable placement for M.S.

M.S. appeals and contends that the juvenile court abused its discretion by permitting Edwards to opine that the surveillance videotapes reflected that M.S. acted in concert with

3

the other three robbery participants. The Attorney General responds in part that M.S. has forfeited this issue by failing to object specifically on grounds of improper opinion testimony. (*People v. Chatman* (2006) 38 Cal.4th 344, 397.)

## DISCUSSION

M.S. argues that Detective Edwards's opinion that he was a participant in an orchestrated robbery was irrelevant and invaded the fact-finding province of the juvenile court. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 77 [witness's opinion on guilt or innocence inadmissible because it does not assist trier of fact].) He asserts that the error was prejudicial because the evidence against him was weak. M.S. adds that the opinion evidence violated his rights to due process of law pursuant to the federal constitution and rendered his trial fundamentally unfair.

M.S. has forfeited this argument on appeal because he did not specifically object on the grounds of improper opinion testimony in the juvenile court. (*People v. Chatman*, *supra*, 38 Cal.4th 344, 397.) Although M.S. objected on grounds of relevance and lack of foundation, these objections were not sufficiently specific to preserve his argument of improper opinion testimony.

Forfeiture aside, Edwards's testimony was helpful as a lay witness to explain M.S.'s behavior in the videotapes. (*People v. Son* (2020) 56 Cal.App.5th 689, 697 [detective's testimony helpful because it explained "obscure details" in surveillance video].) "[T]he standard is not whether the testimony was essential. It's whether it was helpful." (*Ibid.*) Edwards's testimony pointed out subtle details in the videotapes that would assist the juvenile court in its factfinding regarding M.S.'s involvement in the incident on the bus. (*People v. Phillips* (2022) 75 Cal.App.5th

4

643, 685 [police officer offered lay opinion that stain on clothing in videotape was blood].)  Edwards, an experienced police officer who had investigated robberies for two years, also explained the differing roles of participants in robberies with more than one perpetrator, i.e., a lookout.

In any event, any error is harmless pursuant to any standard of review.  The juvenile court viewed the videotapes when they were played in court.  The court also heard the cross-examination of Edwards concerning whether the videotapes reflected M.S. directly taking A.V.'s telephone and wallet.  The court's express findings reflected that it viewed and interpreted the videotapes as reflecting M.S.'s participation in the robbery: "From my view of the video, it does look like [M.S.] is aware of what's going on.  I think he positions himself in the bus, just in case [A.V.] tries to get away, or to block the other folks' view from what's going on in front of the bus.  [C]learly at the end of the tape you see [M.S.] going away with the rest of the bunch and showing that he's a part of the group."  Thus, the court did not blindly adopt Edwards's opinion without examination and consideration of the videotape evidence.  We presume the court understands its duties and follows the law absent evidence otherwise.  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

J. Christopher Smith, John C. Lawson II, Judges

Superior Court County of Los Angeles

—————————————————

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.