Filed 6/20/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096411 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF05106) |
| v. | |
| ERNEST SAMUEL TILLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Butte County, Kristen A. Lucena, Judge. Affirmed.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

After defendant Ernest Samuel Tilley pled no contest to robbery (Pen. Code, § 211)[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), the trial court sentenced him to the middle term, doubled pursuant to the strike. On appeal defendant contends: (1) the trial court abused its discretion in imposing the middle term, because the court did not consider defendant's mental health problems in accordance with section 1170, subdivision (b)(6); (2) if that claim is forfeited, he received ineffective assistance of counsel; and (3) the judgment must be modified, as the trial court improperly advised defendant as to the parole consequences of his plea. We will affirm the judgment.

## BACKGROUND

Defendant went to a Tractor Supply store and walked out with several items of merchandise without paying for them. An employee confronted defendant as he left the store and told him to return the merchandise. Defendant did not comply. Instead, he grabbed the employee, pushed her against the wall, and again tried to leave. The employee tried to retrieve the merchandise from defendant, and he threatened to kill her if she did not stop. She stopped and let him leave the store. Law enforcement officers later found defendant with approximately $200 of property stolen from the store in his backpack, as well as property stolen from another store on a different date. Defendant also was convicted in 2019 of assault with a deadly weapon. (§ 245, subd. (a)(1).)

The People charged defendant with second degree robbery (§ 211; count 1), criminal threats (§ 422, subd. (a); count 2), and misdemeanor possession of stolen property (§ 496, subd. (a); count 3). They further alleged that defendant had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions (§ 667, subd. (a)).

---

[1] Undesignated statutory references are to the Penal Code.

Following a competency evaluation and hearing, the trial court declared defendant incompetent, placed him in a state hospital, and suspended criminal proceedings. Approximately six months later, the trial court ordered defendant restored to competence and reinstated criminal proceedings.

Defendant pled no contest to second degree robbery and admitted the 2019 prior strike conviction in exchange for a maximum sentence of 10 years and dismissal of the remaining charges. Pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and section 1385, defendant made a motion for the court to exercise its discretion to dismiss the prior strike for purposes of sentencing. In making this argument, in both the motion and at the sentencing hearing, counsel argued defendant suffered from mental health problems at the time the crime was committed, and both the employee and police officer believed defendant "was acting strange and not making any sense." Counsel also noted defendant's history of mental health problems had contributed to his criminal behavior, and asserted defendant's current crime was due to his "mental health and financial situation." Defense counsel also asked the court to consider imposing the lower term given the minor injuries to the employee and that the value of the property taken was not substantial. The People acknowledged defendant's mental health problems and agreed that, in light of those problems, an upper term sentence was not warranted, but argued those problems did not mitigate the term to the lower term in view of the "troubling experience" of the employees of the store.

The probation report reflected defendant was diagnosed with paranoid schizophrenia approximately 37 years before the current offense, had participated in mental health services, and had been prescribed medication but had not taken it for several years. Defendant admitted to the probation department investigator that he was under the influence of methamphetamine at the time of the offense. The probation report concluded there were no mitigating factors, but as aggravating factors had not been pled

3

and proven "Senate Bill [No.] 567 would appear to constrain the Court to the middle term."

The trial court denied the motion to strike finding, based on his lengthy and serious prior criminal history, that defendant came within the spirit of the three strikes law. The trial court then considered striking the strike under section 1385, subdivision (c).[2] Although the court acknowledged defendant had some mental health conditions, it concluded the current offense was not directly related to mental illness, and declined to strike the prior strike conviction under section 1385, subdivision (c).

In determining the appropriate term to impose, the trial court noted that none of the aggravating factors had been found in compliance with section 1170, subdivision (b)(2), so it could not impose a sentence greater than the middle term. The court also expressly considered defendant's mental illness and found his mental health condition was a mitigating factor. After balancing the factors, the court sentenced defendant to the middle term of three years, doubled pursuant to the strike. The court imposed various fines and fees, and awarded defendant 706 days of presentence custody credit. The trial court also advised defendant, pursuant to section 3000, subdivision (b), that he would be on parole for three years following his release from custody.

---

[2] We recently held under the statute's plain language, section 1385, subdivision (c) applies to enhancements. A prior strike conviction is not an enhancement but part of an alternative sentencing scheme. Accordingly, section 1385, subdivision (c) does not apply to prior strike convictions. (*People v. Burke* (2023) 89 Cal.App.5th 237, 242-244.)

4

DISCUSSION

I

Defendant contends the trial court abused its discretion by imposing the middle term, as it did not make any "apparent allusion to the mandate of Assembly Bill [No.] 124,"[3] which required the court to impose the lesser term if the person has experienced psychological, physical, or childhood trauma. (§ 1170, subd. (b)(6)(A).) He claims the court made no "meaningful analysis of [defendant's] mental condition, nor whether the imposition of the lower term would be contrary to the interests of justice." Anticipating our conclusion that this argument was forfeited, defendant alternatively argues his trial counsel rendered ineffective assistance by failing to object to the middle term sentence.

Senate Bill No. 567 became effective, January 1, 2022, approximately four months prior to defendant's sentencing. As relevant here, Senate Bill No. 567, codified in section 1170, subdivision (b)(6), created a presumption in favor of the lower term if a defendant's psychological, physical, or childhood trauma contributed to the commission of the offense. (§ 1170, subd. (b)(6).) Section 1170, subdivision (b)(6) does not require the court to impose the lower term because of defendant's mental illness, but for

---

[3] The parties cite Assembly Bill No. 124 (2021-2022 Reg. Sess.) as having amended section 1170 to add subdivision (b)(6). Section 1170, subdivision (b)(6) was added by Senate Bill No. 567, not Assembly Bill No. 124. (Stats. 2021, ch. 731, §§ 1.3, 3, subd. (c).) Senate Bill No. 567, Assembly Bill No. 124, and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) were all passed by the Legislature in September 2021 and approved by the Governor on October 8, 2021. (See Stats. 2021, ch. 695, § 5 [Assembly Bill No. 124], eff. Jan. 1, 2022; Stats. 2021, ch. 719, § 2 [Assembly Bill No. 1540], eff. Jan. 1, 2022; Stats. 2021, ch. 731, § 1.3 [Senate Bill No. 567], eff. Jan. 1, 2022.) Because Senate Bill No. 567 was the last bill signed by the Governor and bears the highest chapter number, its amendments to section 1170 prevail over the amendments to that code section specified in the other two bills. (Gov. Code, § 9605, subd. (b); *In re Thierry S*. (1977) 19 Cal.3d 727, 738-739; *People v. Jones* (2022) 79 Cal.App.5th 37, 45.) We will refer to the operative bill, Senate Bill No. 567.

5

psychological trauma. While at least one court has concluded "psychological trauma based on mental illness may be a circumstance qualifying for the lower term presumption in section 1170, subdivision (b)(6)," that court also emphasized that mental illness *alone* did not qualify for the lower term presumption. (*People v. Banner* (2022) 77 Cal.App.5th 226, 241 ["Psychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)"].)

Generally, if a party does not object to the sentence in the trial court, they may not claim on appeal the trial court failed to properly make or articulate its discretionary sentencing choices. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) Defendant did not seek the lower term based on section 1170, subdivision (b)(6); object to the imposition of the middle term; or argue that defendant suffered any psychological trauma as a result of mental illness. Accordingly, this claim is forfeited.

Anticipating this conclusion, defendant contends counsel was ineffective in failing to object to the middle term sentence. To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (*Id.* at p. 697.) It is not enough to establish prejudice for defendant to propose that counsel's performance had some "conceivable effect" on the outcome; rather, defendant must show a reasonable probability of a *different* result but for counsel's errors. (*Id*. at pp. 693-694.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933; *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.)

The entirety of defendant's argument as to the prejudice prong of *Strickland* is: "[H]ad counsel objected to the middle term sentence, it is reasonably probable that the

trial court would have reconsidered its sentencing decision." The claim that it is reasonably probable the trial court would have "reconsidered its sentencing decision" had counsel objected to the middle term is not an assertion, nor a demonstration, that there is a reasonable probability of a different result. Nor does this speculative statement, with no analysis, demonstrate prejudice. Defendant makes no argument on appeal that he experienced trauma; that there was evidence of trauma the trial court failed to consider; or that his mental illness resulted in psychological trauma. Accordingly, defendant has failed to establish it is reasonably probable the court would have sentenced him to the lower term if counsel had objected to the imposition of the middle term.

II

Defendant next contends the judgment must be modified to reduce the period of parole supervision from three years to two years. The People contend there is no need to modify the judgment, as the trial court did not set the parole term, but merely advised defendant of the parole term. We agree with the People.

When the trial court imposes a determinate term under section 1170, it is required to inform the defendant at sentencing that, after the expiration of their prison term, they may be on parole for a period as provided by section 3000 or 3000.08.[4] (§ 1170, subd. (c); Cal. Rules of Court, rule 4.433(e)(1).) The trial court is also required to advise a defendant pleading guilty to a felony that a period of parole is a direct consequence of such a plea. (*In re Moser* (1993) 6 Cal.4th 342, 352-353; *People v. Nuckles* (2013) 56 Cal.4th 601, 609.) Although the trial court is required to advise the defendant of the

---

[4] Section 3000.08 provides for parole supervision by the Department of Corrections and Rehabilitation and jurisdiction of the court for defendants convicted of certain offenses or sentenced pursuant to the three strikes law. Although section 3000.08 applies to defendant (§ 3000.08, subd. (a)(3)), section 3000.08 does not specify a parole term applicable to this defendant.

7

parole period, the duration and conditions of parole are established by the Legislature and the parole authority or Department of Corrections and Rehabilitation. (*People v. Jefferson* (1999) 21 Cal.4th 86, 95-96; *In re Lira* (2014) 58 Cal.4th 573, 584; § 3000, subd. (b)(7); Cal. Code Regs., tit. 15, §§ 2510, 2515, subd. (a), 2525.) The sentencing court does not have authority to set or alter the applicable term of parole so established. (*In re Moser*, at p. 357; *Berman v. Cate* (2010) 187 Cal.App.4th 885, 898.)

In 2020, the Legislature added section 3000.01 governing the periods of parole for individuals subject to supervision under section 3000.08, who are released from state prison on or after July 1, 2020. (§ 3000.01, subd. (a), added by Stats. 2020, ch. 29, § 18.) Prior to the enactment of section 3000.01, for most offenses, the maximum parole period following a determinate sentence was three years. (*People v. Jefferson*, *supra*, 21 Cal.4th at p. 96, citing § 3000, subd. (b).) Section 3000.01 now limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).)

We note that despite adding section 3000.01 limiting the parole term for those released from prison on or after July 1, 2020, the Legislature did not amend the relevant provisions of sections 3000 and 3000.08, which still provide the inmate shall be released on parole for a period of three years. (§ 3000, subd. (b)(2)(B).) Section 1170 and California Rules of Court, rule 4.433 still require the court to advise as to the period delineated in section 3000, and section 3000 makes no reference to section 3000.01. The Judicial Council forms similarly indicate the parole term is three years under section 3000, subdivision (b). These statutory inconsistencies put trial courts in a bit of a conundrum when advising of the parole term, but as noted above, it is up to the Legislature to amend all the relevant statutes to reflect the correct parole terms. Relatedly, we note there may be other statutes and regulations, like California Code of Regulations, which still indicates the relevant parole term is three years (Cal. Code Regs.,

tit. 15, § 2515, subd. (b)), that may need to be harmonized to reflect the new provisions of section 3000.01.

As a general rule " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Nothing in our record or in the parties' arguments suggests this ordinary presumption should not apply. Accordingly, we presume the trial court knew it lacked authority to set the term of parole and that it had an obligation to advise defendant he was subject to a term of parole following the expiration of his term of imprisonment. Based on this presumption of the trial court's knowledge of both its obligations and the limits of its authority, we construe the court's statement about the parole term as an advisement of the length of the parole term, rather than an attempt to impose a specific parole term. Since the length of the parole term was merely an advisement, we need not modify the judgment.[5]

### DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
KRAUSE, J.

---

[5] We also note, in the context of a plea, the remedy for a *prejudicial* misadvisement of mandatory parole consequences is to allow defendant to withdraw their plea. (*In re Moser*, *supra*, 6 Cal.4th at p. 352.) Defendant makes no claim that the misadvisement was prejudicial. Moreover, the misadvisement here inures to defendant's benefit, as the parole term he is actually subject to is shorter than the advisement he was given.

9