Filed 6/17/24  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081272 |
| v. | (Super.Ct.No. RIF105632) |
| EDDIE JAMES LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Eddie James Lewis appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6. For the reasons set forth *post*, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

### A. FACTUAL HISTORY

In 2002, defendant and a codefendant participated in two drive-by shootings in Riverside. (*People v. Lewis* (April 25, 2006, E035918) [nonpub. opn.].)

### B. PROCEDURAL HISTORY

On March 25, 2004, a jury found defendant guilty of three counts of attempted murder under sections 664 and 187, subdivision (a) (counts 1-3), and one count of discharging a firearm from a motor vehicle under section 12034, subdivision (c) (count 4). The jury found the following special allegations true: a principal personally and intentionally discharged a firearm pursuant to section 12022.53, subdivisions (c) and (e)(1) as to counts 1 and 2; a principal personally and intentionally discharged a firearm causing great bodily injury pursuant to section 12022.53, subdivisions (d) and (e)(1) as to counts 3 and 4; and each of the offenses was committed for the benefit of a criminal street gang pursuant to section 186.22, subdivision (b). Finally, defendant admitted having a prior serious felony conviction under section 667, subdivision (a) and two prior strike convictions under section 667 subdivisions (c) and (e)(2)(A), 1170.12, subdivision (c)(2)(A).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On May 14, 2004, the defendant was sentenced to a total determinate sentence of 47 years to be followed by an indeterminate term of 155 years to life.

On November 17, 2022, defendant filed a petition for resentencing under section 1172.6.

On April 28, 2023, the court denied defendant's petition at the prima facie stage.

On May 3, 2023, defendant filed a notice of appeal.

## DISCUSSION

Defendant argues: (1) the superior court violated section 1172.6 subdivision (c), and defendant's due process rights; and (2) counsel provided ineffective assistance. Neither argument is persuasive. Because defendant is ineligible for relief as a matter of law, any errors were harmless and thus not prejudicial.

A. <u>DEFENDANT'S DUE PROCESS RIGHTS WERE NOT IMPLICATED BY THE VIOLATION OF 1172.6 SUBDIVISION (C), AND ANY ERROR WAS HARMLESS BECAUSE DEFENDANT IS INELIGIBLE AS A MATTER OF LAW</u>

Defendant claims "the court violated section 1172.6, subdivision (c) and [defendant's] rights of due process." Specifically, defendant argues the court "did not . . . require the prosecution to file and serve a response setting forth its legal analysis, or basis for its opposition" and because "the record also does not reflect that the court had available to it for review any portion of the record of conviction nor did it comply with its statutory obligation to fully set forth its reasons for denying [defendant's] petition."

3

The People concede that 1172.6 (c) was not followed, stating, "it appears [defendant] is correct that the prosecutor did not file a written response to the petition." However, the People argue that "the failure to file a written response to the petition is at most an error of state law and any error was harmless under any standard because the jury instructions conclusively demonstrate the jury was not instructed on an improper theory of liability." We agree.

Section 1172.6 subdivision (c) states, "[w]ithin 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response." It is clear that the court did not adhere to this subdivision, with the People conceding, "the record on appeal does not include any written response to [defendant's] section 1172.6 petition," "there was no mention of any written response or filing by the prosecutor made at the hearing on appellant's petition," and the People therefore "assume[] no written response to the petition was filed."

Still, defendant's due process rights were not implicated by the omission. "In some contexts, a court's failure to comply with a statutory procedure will constitute a denial of due process. [Citations]. [¶] But a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.) Moreover, defendant's challenge was forfeited by counsel's failure to object. "The forfeiture doctrine is a 'well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

4

Defendant's second contention, that the court did not review any portion of the record of conviction, is without evidence. Defendant states, "there is no indication in the record that the court had a copy or reviewed [the jury instructions] itself. There is also no indication the court or defense counsel had a copy of the verdicts and true findings of the jury, or the prosecutor's closing arguments at trial, or this Court's prior appellate opinion setting forth the procedure of the matter" and defendant therefore concludes that the court ruled without review of the record. The hearing itself demonstrates that the court's denial was not made in a vacuum devoid of pertinent information from the record of conviction necessary for a ruling. At the hearing, the prosecutor indicated that "there was no theory instructed to the jury on natural and probable consequences, felony murder, or any theory under which malice would be imputed to the defendant." Defendant's counsel said that he had read the provided instructions and submitted. The court subsequently denied the petition. This exchange demonstrates that the court considered the contents of the jury instructions, at the very least, on the basis of both the prosecutor's and defense counsel's representations.

Finally, even assuming defendant's arguments are valid, any error was harmless under a *Watson*[2] analysis because defendant is ineligible for relief as a matter of law.

Defendant claims "the instructions given in this case commingled the concepts of imputed malice and aider and abettor culpability with ambiguity in their wording as to

---

[2] *People v. Watson* (1956) 46 Cal.2d 818.

5

whom the jury was required to find harbored express malice to find [defendant] guilty of attempted murder." Defendant's argument is without merit.

Defendant was convicted of attempted murder under a direct aiding and abetting theory. (*People v. Lewis*, *supra*, E035918.) "It is well settled that [Senate Bill No. 1437] 'does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.' " (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252.) At defendant's trial, one instruction given, titled "Specific Intent of Aider and Abettor," read: Aiding and abetting the perpetrator of a specific intent crime requires that the perpetrator share the specific intent of the perpetrator. However, an aider and abettor will "share" the perpetrator's specific intent when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime. This instruction specifically informs the jury that to find the defendant guilty under a theory of aiding and abetting, the jury must find the aider and abettor himself had specific intent. Consequently, defendant was not convicted under a theory where malice was imputed and thus is not entitled to 1172.6 relief.

If defendant had been convicted as a direct aider and abettor under an imputed malice theory, defendant would still not be entitled to relief under section 1172.6. As explained by Division One:

"By arguing that the jury instructions allowed the jury to convict him as a direct aider and abettor of murder on an imputed malice theory, [a petitioner] is necessarily asserting that they were erroneous under the law in effect at the time of

6

his 2010 trial and subsequent direct appeal. Under *Burns* and *Flores*[3], however, a section 1172.6 petitioner cannot establish a prima facie case for relief by asserting that the jury instructions permitted conviction on a theory of imputed malice that was already prohibited even before the enactment of Senate Bill No. 1437. This amounts to 'a routine claim of instruction error' that 'could have been raised on appeal from the judgment of conviction.' [Citation.] 'Section 1172.6 does not create a right to a second appeal, and [a petitioner] cannot use it to resurrect a claim that should have been raised in his [direct] appeal.' " (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936.)

Thus, the record of conviction conclusively establishes that defendant is ineligible as a matter of law and any errors were harmless.

B.    <u>DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FAILS FOR LACK OF PREJUDICE</u>

Defendant claims his trial counsel was ineffective for "failing to object to the court making a prima facie finding without compliance with the statute's procedural requirements, as well as failing to investigate and advocate for him at the prima facie hearing."

To establish a violation of affective assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonableness and show that he was prejudiced, that is, the results of the proceeding would have been different.

---

**3** *People v. Burns* (2023) 95 Cal.App.5th 862; *People v. Flores* (2023) 96 Cal.App.5th 1164.

(*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (*Id.* at p. 697.)[4]

As outlined above, defendant is ineligible for 1172.6 relief as a matter of law. Defendant, therefore, cannot demonstrate prejudice. Had defense counsel objected to the procedural failings, the outcome of the 1172.6 proceedings would have been the same.

## DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.

---

**4** Because we find that defendant was not prejudiced we need not resolve the People's issue regarding a petitioner's right to raise a claim of ineffective assistance of counsel at the prima facie stage of a section 1172.6 proceeding.