Filed 7/31/23  P. v. Dixon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097479 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF202816) |
| v. | |
| STEVEN LEE DIXON, | |
| Defendant and Appellant. | |

Defendant Steven Lee Dixon pled no contest to first degree burglary.  The trial court sentenced him to two years in state prison and stated that his parole term would be three years.

On appeal, defendant contends that his maximum parole term is two years pursuant to Penal Code section 3000.01,[1] and he requests that we modify the judgment

_____

[1]  Undesignated statutory references are to the Penal Code.

1

accordingly.  As we shall explain, we construe the trial court's remark as an advisement, albeit an incorrect one of defendant's parole term.  Because the trial court did not attempt to impose a specific term of parole, we need not modify the judgment.  The judgment is affirmed.

## I.  BACKGROUND

Defendant pled no contest to one count of first degree residential burglary. (§ 459.)  The trial court placed him on three years of formal probation.  After one year, defendant admitted to violating probation.  The trial court revoked probation and sentenced defendant to the low term of two years in state prison.  It also informed defendant:  "At some point in time before the end of your term of two years you will be released on parole.  It will last for three years unless you violate parole, then it gets extended to four."  Defendant timely appealed.

## II.  DISCUSSION

Defendant contends the trial court erroneously stated that his parole term would be three years, exceeding the statutory limit of two years set by section 3000.01.  Thus, he asks us to modify the judgment.  We conclude modification is unnecessary.

When the trial court imposes a determinate term under section 1170, the "court shall . . . inform the defendant that as part of the sentence after expiration of the term they may be on parole for a period as provided in Section 3000 or 3000.08 or postrelease community supervision for a period as provided in Section 3451."  (§ 1170, subd. (c); accord, Cal. Rules of Court, rule 4.433(e)(1).)  The trial court is also required to advise a defendant pleading guilty to a felony that a period of parole is a direct consequence of such a plea.  (*People v. Nuckles* (2013) 56 Cal.4th 601, 609, citing *In re Moser* (1993) 6 Cal.4th 342, 351-352.)

Although the trial court must advise a defendant of the parole period, the length of parole is established by the Legislature and imposed by the Board of Parole Hearings or the Department of Corrections and Rehabilitation.  (§ 3000, subd. (b)(7); Cal. Code

2

Regs., tit. 15, §§ 2510, 2515, subd. (a), 2525; *In re Lira* (2014) 58 Cal.4th 573, 584; *People v. Jefferson* (1999) 21 Cal.4th 86, 95-96.) The sentencing court does not have the authority to set or alter the applicable term of parole. (*In re Moser, supra*, 6 Cal.4th at p. 357.) With exceptions not applicable here, section 3000.01 now limits the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).)

As a general rule, " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Nothing in our record or in the parties' arguments suggests this ordinary presumption should not apply. Accordingly, we presume the trial court knew it did not have authority to set the term of parole and knew it had an obligation to advise defendant he was subject to a term of parole following the expiration of his term of imprisonment. Based on this presumption of the trial court's knowledge, we construe the court's statement about the parole term as an advisement of the length of the parole term, rather than an attempt to impose a specific parole term. Since the length of the parole term was merely an advisement, albeit an incorrect one, we need not modify the judgment.

## III.  DISPOSITION

The judgment is affirmed.

       /s/

HORST, J.*

We concur:

    /s/

EARL, P. J.


    /s/

DUARTE, J.

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.