Filed 8/15/23  P. v. Griffin CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B322522 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA003749) |
| v. | |
| FREDERICK GRIFFIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Affirmed.

Jennifer Peabody and Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————

Frederick Griffin was convicted of 13 counts of residential robbery and one count of first degree felony murder. He appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6.[1] He argues the trial court erred when it determined he acted with reckless indifference to human life without considering he was 19 years old at the time of the murder. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

From October 1989 to May 1990, appellant Frederick Griffin and several companions committed a series of armed residential robberies, resulting in the murder of Jay Tryon. During the robberies preceding Tryon's murder, the appellant was identified as a perpetrator who: (1) held a gun to the head of victims; (2) threatened to kill victims; and (3) physically assaulted victims, including stepping on the back of a victim who was nine months pregnant. During the final robbery, involving victim Tryon, a neighbor witnessed Tryon wrestling with one of the robbers on his porch and the robber

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We hereafter cite to section 1172.6 for ease of reference. Undesignated statutory references are to the Penal Code.

calling out to his companions who all joined in the struggle, hitting Tryon. After one of the men yelled "'blast him,'" a shot rang out, and the men fled the scene. Tryon died from a single gunshot wound to the head.

In 1991, a jury convicted appellant of 13 counts of residential robbery and one count of first degree felony murder. The jury further found appellant personally used a firearm in the commission of each offense. Appellant was sentenced to state prison for 62 years and four months to life. This court affirmed the judgment on appeal. (*People v. Griffin* (Jan 14, 1993, B062398 [nonpub. opn.].)

In February 2021, appellant filed a petition for resentencing under section 1172.6 (former section 1170.95) based on various changes in the law regarding felony murder liability. On June 14, 2022, after an evidentiary hearing, the trial court concluded appellant was not entitled to resentencing, finding the prosecutor had proven beyond a reasonable doubt that appellant was a major participant who acted with reckless indifference to life.[2]

## DISCUSSION

### A.     Section 1172.6

The Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule

---

[2]     The parties stipulated the superior court could rely on the trial transcripts in deciding the matter and neither party submitted any new evidence.

and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e).) SB 1437 also added now section 1172.6, providing a procedure for defendants whose cases are final to seek retroactive relief by petitioning the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).)

### B. *People v. Jones* Does Not Require Remand

In this appeal, appellant does not argue the trial court's findings – that appellant was a major participant in the underlying felonies who acted with reckless indifference to human life – are unsupported by substantial evidence. Instead, citing *People v. Jones* (2022) 86 Cal.App.5th 1076 (*Jones*) and the *de novo* standard of review, appellant argues the matter must be remanded to the trial court because it "failed to consider appellant's youth at the time of the crimes." However, a review of *People v. Jones* shows why remand is not warranted in this case.

In *Jones,* defense counsel argued the defendant "'was barely 20 years old at the time of [the] crime,'" "'immature'" and "'still developing.'" (*Jones, supra,* 86 Cal.App.5th at p. 1091.) The trial court issued a detailed explanation of its

4

denial of the resentencing motion, but "did not mention [the defendant's] age or maturity level." (*Ibid.*)

On appeal, the court observed that "[i]n the usual case, the fact that a court did not specifically mention certain evidence does not mean that the court 'ignored' that evidence." (*Jones, supra,* 86 Cal.App.5th at p. 1092.) Rather, the court will "presume the trial court followed the law in exercising its duties and duly considered the evidence presented to it." (*Ibid.*) The court determined, however, the "unusual circumstances" of the case before it required remand "for the court's consideration of all relevant factors consistent with prevailing law." (*Id.* at pp. 1079, 1093.)

In so concluding, the court pointed out that *In re Moore* (2021) 68 Cal.App.5th 434, which "squarely" held a defendant's youth is one relevant factor in the major participant/reckless indifference analysis, was not issued until months after the trial court's decision denying Jones' resentencing motion. (*Jones, supra,* 86 Cal.App.5th at p. 1092.) To the extent another case, *People v. Harris* (2021) 60 Cal.App.5th 939 (*Harris*), had previously indicated youth was a relevant factor, that opinion was issued "just a few weeks" before the trial court's rejection of Jones' resentencing petition and without any "remonstrance by defense counsel." (*Jones, supra,* at pp. 1091-1092.) [3]

---

[3] In *Harris, supra*, 60 Cal.App.5th 939, abrogated on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, the court remanded the matter for a resentencing hearing under (former) section 1170.95 because the record of conviction did not establish as a matter of law
*(Fn. is continued on the next page.)*

Accordingly, and "in the interest of justice," the court remanded the matter for "the trial court to have a meaningful opportunity to consider [Jones'] youth . . . consistent with prevailing law." (*Id.* at p. 1093.)

Here, the "unusual circumstances" identified in *Jones*, are not present. That is, appellant's evidentiary hearing took place on June 14, 2022, more than ten months after the *Moore* decision, sixteen months after the *Harris* decision, and after additional opinions, referenced in *Jones*, had been issued on the youth factor. (See *Jones, supra*, 86 Cal.App.5th at pp. 1091-1092; citing *People v. Ramirez* (2021) 71 Cal.App.5th 970, 990-991 [no substantial evidence defendant acted with reckless indifference in light of his youth] and *In re Harper* (2022) 76 Cal.App.5th 450, 467-472 (*Harper*) [habeas corpus petition denied where defendant's youth, even if a factor, did not change his culpability].)

In the trial court, defense counsel argued that appellant and his cohorts were "kids" and "young men" when they committed the robbery that led to Tryon's death. Appellant concedes that information regarding his age was included in the underlying criminal record admitted at the

---

the defendant was ineligible for resentencing relief. (*Harris, supra,* at pp. 944, 959-961.) In remanding the matter, the court observed in dictum that given Harris's youth at the time of the crime (he was 17 years old) it was "far from clear" he was aware of the dangers posed by the nature of the crime. (*Id.* at p. 960.)

evidentiary hearing.[4]  And the court remarked that in preparation for the evidentiary hearing, it had "read all of the papers" and had "reviewed the trial transcript." Although the court did not expressly discuss appellant's age in issuing its final ruling on appellant's petition, it was not required to do so and there is no affirmative indication it refused to consider the point.[5]  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["[W]here a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order"];[6] contrast *People v. Chambers (*1982) 136 Cal.App.3d 444, 457 [presumption the court follows the law does not apply where the sentencing law is not yet established].)  Accordingly, appellant has failed to identify

---

[4]      Appellant points out the underlying record demonstrates he was 19 years old at the time of the offense.  Respondent adds that the probation report, also admitted as part of the underlying criminal record, reflects the murder of Tryon occurred only "12 days prior to appellant's twentieth birthday."

[5]      In denying relief, the trial court stated appellant not only "created a lot of [the] danger" in the earlier robberies in which he participated but that he "assisted in creating [] additional danger" during the murder of Tryon, by either calling to his confederates for help to subdue Tryon or joining in the melee.  (Cf. *Harper, supra*, 76 Cal.App.5th at p. 472 [stating defendant's youth "in no way undermine[d]" reckless indifference/major participant finding given defendant's willing participation in a robbery that carried a high risk the victim would die and his conduct before and after the crime].)

[6]      Section 1172.6 does not require a statement of reasons following an evidentiary hearing.

7

any circumstances that would warrant a remand in this case.  (*Jones, supra*, 86 Cal.App.5th at p. 1091.)

## DISPOSITION

The order denying appellant's resentencing petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

ZUKIN, J.