Filed 8/20/24  P. v. John CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098603 |
| v. | (Super. Ct. No. CRF2001268) |
| CLAYTON ALTON JOHN, | |
| Defendant and Appellant. | |

A jury convicted defendant Clayton Alton John of assault with a deadly weapon, making criminal threats, and possession of a concealed dirk or dagger.  The trial court sentenced defendant to an indeterminate prison term of 25 years to life for making criminal threats, plus a determinate five years for a prior serious felony conviction

1

and one year for personally using a knife. The trial court imposed additional terms and enhancements but stayed them under Penal Code section 654.[1] This court affirmed the convictions but remanded for a full resentencing. (*People v. John* (Dec. 29, 2022, C094126) [nonpub. opn.].) On remand the trial court reduced a stayed term, struck a stayed enhancement, and otherwise imposed the same sentence.

Defendant now contends the trial court should have dismissed all but one of the enhancements under Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) (Stats. 2021, ch. 721), and if his contention is forfeited for failure to assert Senate Bill 81 in the trial court, his trial counsel was ineffective.

We conclude the Senate Bill 81 contention is forfeited and defendant has not established ineffective assistance of counsel. We will affirm the judgment.

BACKGROUND

In July 2020, defendant and the victim got into an argument at a gas station. Defendant pulled a knife and threatened to kill the victim. Defendant eventually left, and the victim called the police.

In March 2021, a jury found defendant guilty on three counts of assault with a deadly weapon (§ 245, subd. (a)(1) -- counts 1 through 3), one count of making criminal threats (§ 422, subd. (a) -- count 5), and one count of possession of a concealed dirk or dagger (§ 21310 -- count 6). As to count 5, the jury found true that defendant personally used a knife. (§ 12022, subd. (b)(1).) The trial court separately found true that defendant had three prior strike convictions and three prior serious felony convictions. (§§ 667, subds. (a)-(i), 1170.12.)

At the sentencing hearing, defendant moved to dismiss at least two of his prior strike conviction allegations pursuant to *People v. Superior Court* (*Romero*) (1996)

---

[1] Undesignated statutory references are to the Penal Code.

13 Cal.4th 497.  Defendant argued a life sentence was not appropriate because in the instant case, he had been provoked, he had been drinking, and the victim was uninjured.

Agreeing in part with defendant, the trial court dismissed two of the prior serious felony conviction allegations.  It reasoned that defendant did not appear to be dangerous unless he was drinking and it wanted to give defendant a chance to rehabilitate himself.  The trial court sentenced defendant to an indeterminate prison term of 25 years to life for making criminal threats, plus a determinate term of five years for the remaining prior serious felony conviction and one year for personally using a knife.  The trial court imposed additional terms and enhancements but stayed them under section 654, including a prior prison term enhancement on the conviction for possession of a concealed dirk or dagger.

On appeal the parties agreed remand for resentencing was appropriate.  This court affirmed the convictions, vacated the sentence, and remanded the matter for a full resentencing.  (*People v. John, supra*, C094126.)

At the May 2023 resentencing hearing, the trial court indicated it would strike the previously imposed but stayed prior serious felony enhancement on the conviction for possession of a concealed dirk or dagger.  It then asked counsel for their positions on resentencing.  Defense counsel stated:  "Your Honor, we'll submit on the comments we made at the prior sentencing as to what we believe the appropriate sentence should be.  As for any new changes in sentencing, we would submit on whatever the Court feels is appropriate."  The prosecutor agreed with striking the stayed enhancement on the conviction for possession of a concealed dirk or dagger, noting it did not affect the overall sentence, and the prosecutor submitted.

The trial court applied the amendments to section 1170 brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.), reducing the stayed term on the count 6 conviction for possession of a concealed dirk or dagger from the upper term to the middle term.  Other than what the trial court had indicated, it adopted its statement of reasons from

the original sentencing hearing, saying it had already exercised its discretion by imposing a sentence lower than what the probation department had recommended. The trial court stated three times that it did not intend to further change the sentence. The trial court asked counsel if they had anything further to say, but counsel indicated there was nothing further.

## DISCUSSION

Defendant contends the trial court should have dismissed all but one enhancement under Senate Bill 81,[2] and if his contention is forfeited for failure to assert Senate Bill 81 in the trial court, his trial counsel was ineffective.

As defendant concedes, Senate Bill 81 amended section 1385 more than a year before defendant's resentencing. But defendant's trial counsel did not assert Senate Bill 81 in the trial court. Accordingly, the contention based on Senate Bill 81 is forfeited. (See, e.g., *People v. Coleman* (2024) 98 Cal.App.5th 709, 724-725 [failure to ask for relief under Senate Bill 81 during sentencing forfeits the issue on appeal].)

Anticipating forfeiture, defendant contends his trial counsel was ineffective in failing to assert Senate Bill 81 in the trial court. To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant, meaning there is "a reasonable probability that, but for counsel's deficient performance, the

---

[2] As relevant to the contention on appeal, section 1385 now provides that in considering whether to dismiss an enhancement, a trial court shall consider and afford great weight to evidence offered by the defendant to prove enumerated mitigating circumstances, including when multiple enhancements are alleged in a single case. (§ 1385, subd. (c)(1) & (2)(B).) Proof of a mitigating circumstance weighs greatly in favor of dismissing the enhancement. (§ 1385, subd. (c)(2).)

4

outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*); see *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.)

On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai, supra*, 57 Cal.4th at p. 1009.)

Defendant's trial counsel may have had a tactical reason for declining to assert additional challenges to the indicated sentence, given that the trial court had already exercised its discretion to reduce the sentence below that recommended by the probation department, and had already indicated it would further dismiss a stayed prior serious felony enhancement on the conviction for possession of a concealed dirk or dagger. We do not know for sure what defense counsel was thinking because counsel was not asked for a reason on the record. In any event, defendant has not established prejudice. We presume the trial court was aware of, and understood, the scope of its authority and discretion under applicable law. (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) And the record supports this presumption, in that the trial court applied the amendments to section 1170 brought about by Senate Bill No. 567, reducing the stayed term on the count 6 conviction for possession of a concealed dirk or dagger from the upper term to the middle term. The trial court expressly stated it had exercised its discretion, and it declared three times it did not intend to further change the sentence. On this record, defendant has not established ineffective assistance.

## DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
RENNER, J.

_____/S/_____
KRAUSE, J.