Filed 8/20/24  P. v. Maize CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MONTRICE LAMARR MAIZE,<br><br>    Defendant and Appellant. | F085292<br><br>(Super. Ct. No. BF188976A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Joseph M. Ahart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**<u>INTRODUCTION</u>**

Montrice Lamarr Maize, appellant, was convicted of second degree robbery, with strike allegations and prior serious felony enhancements, and sentenced to 14 years in prison. Appellant argues the trial court failed to exercise its discretion pursuant to Penal Code section 1385[1] and strike one or both of his prior serious felony enhancements, and that the court erred by denying him a jury trial on the alleged aggravating factors. Appellant alternatively argues his trial counsel was ineffective for failing to object to the imposed enhancements pursuant to the amended section 1385. We affirm.

**<u>PROCEDURAL HISTORY</u>**

On March 2, 2022, the Kern County District Attorney's Office filed an information charging appellant with one count of second degree robbery (§ 212.5, subd. (c).) The information alleged appellant was convicted of two prior serious or violent felonies within the meaning of the Three Strikes law (§§ 667, subds. (c)–(j); 1170.12, subds. (a)–(e)), and the felonies were serious felonies for enhancement purposes (§ 667, subd. (a).)

On August 23, 2022, the information was amended to add three aggravating circumstances pursuant to California Rules of Court, rule 4.421.[2] The same day, a jury found appellant guilty of the second degree robbery. In a bifurcated bench trial, the trial court found true both prior strike convictions and found those convictions were serious felonies for purposes of section 667, subdivision (a). The trial court found true the aggravating circumstances that the crime involved the threat of great bodily harm (rule 4.421(a)(1)) and that appellant's prior convictions were numerous and increasing in seriousness (rule 4.421(b)(2)).

---

[1] Statutory references are to the Penal Code.

[2] Rule references are to the California Rules of Court.

On November 10, 2022, the trial court sentenced appellant. The trial court struck one of his prior strikes pursuant to appellant's *Romero*[3] motion and sentenced him to the low term of two years on the second degree burglary, doubled to four years due to the remaining strike, with two five-year section 667, subdivision (a) enhancements, for a total of 14 years.

## STATEMENT OF FACTS

On February 10, 2022, Gabriel A.,[4] a store manager at a clothing store in Bakersfield, California, noticed appellant spent about an hour looking around the store. Appellant first tried to take merchandise into the restroom, but he was told that was not allowed. The second time appellant was told not to take merchandise into the restroom, appellant grabbed a backpack and started to fill it with items in the back of the store.

Gabriel approached appellant and told him to stop putting merchandise into the backpack. Appellant responded, "I'm all sorts of fucked up, but you can call, if you want. You can call the cops, if you want. And if you want to try me, you can try me out with a knife." Gabriel believed appellant had a knife, was afraid and stepped back.

Gabriel told appellant to leave the store and called 911. Appellant left the store with the backpack without paying for the merchandise. Appellant was also "quite taller" than Gabriel, which Gabriel testified was part of the reason he was afraid of appellant and chose not to confront him again.

## DISCUSSION

**I.** **The Trial Court Did Not Abuse Its Discretion Declining To Strike One of Appellant's Section 667, Subdivision (a) Enhancements**

Appellant first argues the trial court abused its discretion when it did not dismiss one of the section 667, subdivision (a) enhancements and failed to make a finding that

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[4] Pursuant to rule 8.90, we refer to Gabriel by his first name. No disrespect is intended.

dismissal would endanger public safety.  Appellant then argues the trial court was not aware of its sentencing discretion because the court did not consider certain relevant and applicable mitigating factors following amendments to rule 4.423.  We find the issue was forfeited and the trial court did not otherwise abuse its discretion sentencing appellant to two section 667, subdivision (a) enhancements.

**A.  Background**

On November 3, 2022, appellant filed a "Notice and Request for Exercise of Power under [section] 1385."  (Boldface & some capitalization omitted.)  In the brief, appellant requested that the court grant appellant the lower or middle term on the second degree burglary conviction and dismiss one or both of appellant's prior strike convictions pursuant to *Romero*.  Appellant also listed five mitigating factors which he argued applied to the case – rule 4.423(a)(6) and (8), and rule 4.423(b)(3), (10) and (13).  Appellant concluded that he did not fall within the "spirit" of the Three Strikes law.

On November 10, 2022, the trial court sentenced appellant.  Appellant argued as follows:

> "It's defense request, Your Honor, that [appellant] today be sentenced to somewhat of a determinate term of 10 to 15 years.  The defense is making this request in that we believe . . . the ends of justice would still be served, and in getting there, the Court would have to strike one of [appellant's] . . . strikes.  And we . . . believe that this case falls outside the spirit of the Three Strike[s] Law . . . .  I would encourage and relegate the Court to look at what he stole, clothes, and how he stole, and that would be a specific threat, and that he was more . . . stealing personally out of desperation and not what the Three Strikes Law is prescribing in that for violent need of wanting something, and I just want the Court to take that into consideration in this request of striking the strikes in that it would still serve as a deterrent to [appellant] if he was still serving 10 to 15 years, and that math would be striking both strikes and/or striking a strike with one of the nickel priors that was read in the original probation report."

The court ruled:

"Regarding the [*Romero*], we have a request to strike a strike under [section] 1385[, subdivision ](a), pursuant to [*Romero*]. This case arises from events on or about February the 10th, 2022, at the . . . shoe store.

"[Wherein the trial court recites the facts underlying the conviction.]

"No one was injured in this matter. The items were recovered, which were clothing. There was nothing else. No weapon was exhibited or brandished to the victim in the store.

"Background is [appellant] was born in July of '87. His first strike was at age 19, a [section] 460, in 2006. He was given two years CDC.

"He was discharged from parole in 2012, had a couple of bumps in the road here and there, and then picked up a [section] 211 in 2017 out of Los Angeles where he was given eight years CDC, getting paroled in October of 2021, and then four months later he picked up this case at the shoe store.

"As it stand now, the [appellant's] exposure is 25 to life, plus ten years.

"Based on the facts of this case, that sentence would not be in line with the nature and circumstances of the present offense. [Appellant's] [section] 460 conviction happened when he was 19 years old. He stands here today 35 years old.

"Under the circumstances of the present case and the age of [appellant] at the time of his [section] 460[, subdivision ](a), the [appellant] is deemed by this Court to be outside the scheme['s] spirit and the Court will strike the [section] 460[, subdivision ](a) as a strike offense. It will remain, however, as a [section] 667[, subdivision ](a) offense. [¶] . . . [¶]

". . . Circumstances in mitigation are [appellant's] prior performance on one grant of misdemeanor probation was satisfactory. [¶] Circumstances in aggravation are . . . the crime involved the threat of great bodily harm. The [appellant's] prior convictions as an adult are numerous or of increasing seriousness. This was not found true. The [appellant] has served a prior prison term. The [appellant's] prior performance on deferred entry of judgment, [section] 1210.1 probation, three grants of misdemeanor probation, one grant of felony probation, and parole was unsatisfactory in

5.

that he failed to abide by the terms and/or reoffended.  That was found true. [¶] . . . [¶]

"As a result, the [appellant] will be sentenced as follows:  As to Count 1, a violation of . . . [s]ection 212.5[, subdivision ](c), with the [section] 667[, subdivision ](e) prior, it is ordered that probation be denied and the [appellant] will be sentenced to the Department of Corrections for the low term of four years.  That sentence to be enhanced by ten years, pursuant to two sections of 667[, subdivision ](a) . . . for a total fixed term of 14 years."

Appellant made no further requests pursuant to section 1385 and made no objections to the sentence.

### B.  Legal Standard

On January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81) amended section 1385 to add subdivision (c).  (Stats. 2021, ch. 721.) Subdivision (c) provides the following, in relevant part:

"(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.  [¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed."

"In general, we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a)."  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  " 'To prove an abuse of discretion, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was

6.

irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] To meet this burden, the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." ' [Citation.]" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

## C. Analysis

*Public Safety Finding*

On August 15, 2024, the California Supreme Court decided *People v. Walker* (Aug. 15, 2024, S278309) ___ Cal.5th ___ [2024 Cal. Lexis 4426] (*Walker*), resolving the question of whether evidence of mitigating factors listed in section 1385, subdivision (c)(2) create a rebuttable presumption that the applicable enhancements must be dismissed unless the trial court makes an affirmative finding that dismissal of the enhancement would endanger public safety. The Supreme Court concluded, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, *supra*, at p. ___ [2024 Cal. Lexis 4426, *3].)

"In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' ([*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review

7.

granted Apr. 12, 2023, S278894.])" (*Walker*, *supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 4426, *3].)

However, we do not reach the question of whether the trial court's ruling complies with *Walker*, because we find the issue was forfeited in the trial court.

*Forfeiture*

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons . . . ." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

"Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

"The appellate courts typically have engaged in discretionary review only when a forfeited claim involves an important issue of constitutional law or a substantial right." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.) "The appellate courts occasionally also have invoked their discretion to review an apparent constitutional issue when applicability of the forfeiture rule is uncertain or the defendant did not have a meaningful opportunity to object at trial." (*Ibid.*)

8.

None of the circumstances relieving forfeiture apply in this case. Appellant was sentenced on November 10, 2022, over 11 months after the amendments to section 1385, subdivision (c) went into effect. These changes in the law were not sprung on appellant midtrial. Appellant committed the underlying crime, and the entire trial process in this case took place after the amendments to section 1385, subdivision (c) went into effect.

Likewise, appellant filed a sentencing brief and presented mitigating circumstances at resentencing. It cannot be said appellant did not have a meaningful opportunity to address the changes to section 1385, subdivision (c)(2). And while appellant did mention section 1385 in his brief, it was only in the context of *Romero* and to urge the court to dismiss one or both of appellant's prior strikes.

Finally, appellant explicitly requested the court sentence him to a determinate sentence between 10 and 15 years. The trial court obliged and sentenced appellant to 14 years. After the trial court declared appellant's sentence, he did not object to either the sentence nor the absence of a section 1385, subdivision (c)(2) finding that dismissal of one or both of the section 667, subdivision (a) enhancements would endanger public safety.

Had appellant alerted the trial court to Senate Bill No. 81's amendments to section 1385, subdivision (c), the matter would likely have been promptly resolved. The trial court was already considering some mitigating circumstances due to appellant's sentencing brief. The policy reasons underlying the forfeiture doctrine fully support its application where, as in this case, a defendant remains silent in the trial court when sentenced and then seeks to obtain appellate relief based on asserted sentencing errors under changes in the law that had long been in effect.

*Trial Court Discretion*

Appellant argues the trial court was not aware of its sentencing discretion, because the court did not consider certain relevant mitigating factors, specifically rule 4.423(b)(11), that multiple enhancements are alleged in a single case, and rule

9.

4.423(b)(13), that an enhancement is based on a prior conviction that is over five years old. Appellant notes the trial court only expressed consideration for one mitigating factor on the record, that appellant's prior performance on probation was satisfactory. (Rule 4.423(b)(15).) Appellant likewise argues that imposing the mitigated term of two years for the second degree burglary is incongruent with imposing both section 667, subdivision (a) enhancements, and concludes the trial court must have been unaware of the changes to either section 1385 or rule 4.423.

We disagree. Appellant brought a number of mitigating factors to the court's attention in his sentencing brief, including rule 4.423(b)(13). The mitigating factors listed in appellant's brief refer to the up-to-date rule 4.423, therefore the trial court was made aware of the March 2022 amendments to the rule.

That the trial court did not expressly state and consider each applicable mitigating factor on the record does not indicate the trial court misunderstood its discretion. Nothing in rule 4.423, or even section 1385 requires the trial court to articulate each mitigating factor it considers during sentencing. Nothing in the record " ' "affirmatively demonstrate[s] that the trial court misunderstood its sentencing discretion" ' " (*People v. Fredrickson*, *supra*, 90 Cal.App.5th at p. 988) and we therefore must "presume that the trial court knew and applied the governing law" (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1390).

## II. The Trial Court Did Not Err by Denying Appellant a Jury Trial on the Aggravating Factors

Appellant argues he needed to have knowingly and intelligently waived his right to a jury trial on the issue of whether aggravating factors existed. Appellant concludes that because he did not waive his right to a jury trial, the matter must be remanded for appellant to have a jury trial on the aggravating factors.

## A. Background

On August 17, 2022, the People filed a motion in limine to amend the information to include five aggravating factors pursuant to rule 4.421. Appellant in turn filed a motion in limine to bifurcate prior convictions.

On August 23, 2022, the trial court was resolving motions in limine, and asked appellant's counsel "you have determined that you would like to have those circumstances in aggravation heard by the Court and not the jury. Is that correct?" Appellant's counsel replied, "Yes, Your Honor."

## B. Legal Standard and Analysis

Section 1170, subdivision (b)(1) states, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Section 1170, subdivision (b)(2) states, in part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

We review questions of constitutional law and statutory construction de novo. (*Taylor v. Department of Industrial Relations etc.* (2016) 4 Cal.App.5th 801, 807.) "The denial of the right to a jury trial on aggravating circumstances is reviewed under the harmless error standard set forth in *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*)." (*People v. Sandoval* (2007) 41 Cal.4th 825, 838.)

Statutory interpretation entails ascertaining the intent of the Legislature in order to effectuate the purpose of the law. (*People v. Mendoza* (2000) 23 Cal.4th 896, 907.) Courts begin "by examining the statute's words, giving them a plain and commonsense

11.

meaning." (*Ibid.*) "In doing so, however, we do not consider the statutory language 'in isolation.' [Citation.]" (*Ibid.*) Rather, we construe the words of the statute " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" (*West Pico Furniture Co. v. Pacific Finance Loans* (1970) 2 Cal.3d 594, 608.) And "[w]e must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend." (*People v. Mendoza*, *supra*, 23 Cal.4th at p. 908.)

Section 1170, subdivision (b)(2) does not mandate a jury trial on aggravating factors in every instance. The plain language of section 1170, subdivision (b)(2) applies only when a trial court chooses to impose a sentence exceeding the middle term. There are no cases directly on point on this issue. However, as noted by the Attorney General, the Advisory Committee Comments to rule 4.421 state, "Courts may not impose a sentence greater than the middle term except when aggravating factors justifying the imposition of the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or the judge in a court trial. These requirements do not apply to consideration of aggravating factors for the lower or middle term."

However, even if appellant was entitled to a jury trial on the aggravating factors, any error was harmless beyond a reasonable doubt. (*Chapman*, *supra*, 386 U.S. at p. 24.) Appellant has not alleged any harm from the denial of a jury trial on the aggravating factors. Appellant was not sentenced to an upper term, but to the lower term of two years. Appellant's sentence as to the second degree burglary conviction cannot be mitigated any further, no matter the outcome of a jury trial on the aggravating factors. Therefore, appellant was not prejudiced by the trial court's failure to either hold a jury trial on the aggravating factors or receive a personal waiver of the jury trial from appellant.

### III. Appellant Has Not Shown Trial Counsel Was Ineffective

Appellant argues trial counsel was ineffective for failing to object to the trial court imposing two section 667, subdivision (a) enhancements, failing to assert applicable mitigating factors, and failing to object to the trial court finding aggravating factors not found true by a jury.

To prevail on an ineffective assistance of counsel claim, appellant "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice. [Citation.] Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation . . . .' [Citation.] Finally, prejudice must be affirmatively proved; the record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 333.)

" 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*People v. Ledesma* (1987) 43 Cal.3d 171, 217–218.)

"[B]ecause trial counsel's tactical decisions are accorded substantial deference [citations], failure to object seldom establishes counsel's incompetence. [Citations.]" (*People v. Hayes* (1990) 52 Cal.3d 577, 621.) "[C]ompetent counsel may often choose to forgo even a valid objection." (*People v. Riel* (2000) 22 Cal.4th 1153, 1197.)

Appellant argues trial counsel had no conceivable tactical purpose for not addressing the errors and omissions by the trial court, and there was a reasonable probability that the trial court would have dismissed one of the section 667, subdivision (a) enhancements.

We disagree. Appellant was facing an exposure of 25 years to life, plus 10 years, due to his two prior strike convictions and section 667, subdivision (a) enhancements. Appellant's trial counsel expressly asked the trial court to instead consider a determinate sentence of 10 to 15 years, which compared to appellant's exposure was a significant reduction in potential prison time. The trial court obliged and sentenced appellant to a determinate sentence of 14 years after dismissing one of appellant's prior strikes and imposing the lower term on the second degree burglary conviction.

We afford substantial deference to trial counsel's tactical decisions. (*People v. Hayes*, *supra*, 52 Cal.3d at p. 621.) Even though this case did not involve violence or injury, it was not unreasonable for trial counsel to believe that appellant had an unfavorable outlook given appellant's robust criminal history and prompt recidivism. The significant reduction in appellant's sentence is a " 'satisfactory explanation' " for trial counsel's tactical decision not to press the court to dismiss the enhancements. (*People v. Bolin*, *supra*, 18 Cal.4th at p. 333.)

Finally, appellant has not affirmatively shown there is a " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Ledesma*, *supra*, 43 Cal.3d at pp. 217–218.) Appellant speculates that the trial court would have dismissed one of the section 667, subdivision (a) enhancements. However, when dismissing the older of appellant's two strikes, the court specifically stated "[i]t will remain, however, as a [section] 667[, subdivision ](a) offense." The trial court dismissing the strike but retaining the enhancement indicates the boundaries of the court's leniency. Even if trial counsel argued additional mitigating factors, there is no evidence in the record that points to a reasonable probability the trial

court would have dismissed one of the section 667, subdivision (a) enhancements after expressly declining to do so when it dismissed the strike prior.

## **<u>DISPOSITION</u>**

The judgment is affirmed.


DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


DE SANTOS, J.