Filed 11/14/24  P. v. Sisounthone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100370 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00885) |
| v. | |
| VANNA SISOUNTHONE, | |
| Defendant and Appellant. | |

Defendant Vanna Sisounthone appeals from the judgment imposed after resentencing, in which the trial court advised that he would be subject to parole under Penal Code[1] section 3000 when released from prison.  Sisounthone claims the trial court's advisement should be "clarified" to reflect a period of parole supervision of two years, pursuant to section 3000.01.  We will affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Sisounthone robbed three convenience stores while wearing a clown mask. (*People v. Sisounthone*, *supra*, C077702.) A jury found him guilty of multiple counts of robbery and other felonies and found true numerous firearm enhancements. In bifurcated proceedings, the trial court found true the allegation that Sisounthone sustained a prior strike conviction (§ 667, subd. (a)), a serious felony conviction (§§ 667, subds. (b)-(i), 1170.12), and served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced Sisounthone to a term of 58 years four months, which included one year on each of the two prior prison term enhancements. The trial court also advised: "In addition to the sentence just imposed, a period of parole or post-release community supervision [(PRCS)] will commence upon your release from state prison unless the parole authorities waive parole and discharge you from custody. The period will not exceed three years unless parole is suspended and you -- or PRCS and you're returned to custody for a violation of your parole or PRCS. Maximum period of retention should not exceed four years."

Sisounthone appealed the judgment. On appeal, we modified the judgment to strike one of the prior prison term enhancements, and as modified, affirmed the judgment. (*People v. Sisounthone*, *supra*, C077702.)

In 2023, the trial court received a list from the Department of Corrections and Rehabilitation identifying Sisounthone as a person eligible for resentencing under section 1172.75, subdivision (c)(2), which rendered Sisounthone's prior prison enhancements invalid. The trial court struck the remaining one-year prison prior enhancement, reduced Sisounthone's sentence on one robbery count from the upper term to the midterm,

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in Sisounthone's prior appeal. (*People v. Sisounthone* (Apr. 16, 2018, C077702) [nonpub. opn.].)

resulting in an aggregate term of 52 years four months, and reduced the restitution fines. The trial court also advised: "And the defendant will be subject to parole under Penal Code Section 3000 when he is released from prison." In January 2024, Sisounthone filed a timely notice of appeal. His opening brief was filed in August 2024, and the case was fully briefed on September 4, 2024.

## DISCUSSION

Sisounthone contends this court must clarify the judgment to reflect that his eventual parole period may be two years, not three, pursuant to section 3000.01. The People agree the parole term must be modified. Because the trial court did not set the parole term, but instead merely advised Sisounthone of a possible parole term, we do not find that the judgment must be either modified or "clarified."

Section 3000.01 governs periods of parole for individuals released from prison on or after July 1, 2020, and who are subject to parole supervision by the Department of Corrections and Rehabilitation under section 3000.08. (§ 3000.01, subd. (a), added by Stats. 2020, ch. 29, § 18, eff. Aug. 6, 2020.) It limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).) Although the Legislature added section 3000.01, "[it] did not amend the relevant provisions of sections 3000 and 3000.08, which still provide the inmate shall be released on parole for a period of three years. (§ 3000, subd. (b)(2)(B).)" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 779-780 (*Tilley*).)

When, as here, "the trial court imposes a determinate term under section 1170, it is required to inform the defendant at sentencing that, after the expiration of their prison term, they may be on parole for a period as provided by section 3000 or 3000.08." (*Tilley*, *supra*, 92 Cal.App.5th at p. 779, fn. omitted.) "Although the trial court is required to advise the defendant of the parole period, the duration and conditions of parole are established by the Legislature and the parole authority or Department of

3

Corrections and Rehabilitation.  [Citations.]  The sentencing court does not have authority to set or alter the applicable term of parole so established." (*Ibid.*)

As a general rule, " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)  Nothing in the record reflects that the trial court was not aware it lacked authority to set the term of parole.  Accordingly, we presume the trial court knew it lacked authority to set the term of parole and also knew it had an obligation to advise Sisounthone he was subject to a term of parole following the expiration of his term of imprisonment.  We construe the trial court's statement about the parole term as a mere advisement of the length of the parole term, rather than an attempt to impose a specific parole term.  Since the parole term was merely an advisement, and will be determined by the Department of Corrections and Rehabilitation or the parole authority, we need not modify the judgment. (*Tilley*, *supra*, 92 Cal.App.5th at p. 780.)

DISPOSITION

The judgment is affirmed.

/s/<br>
BOULWARE EURIE, J.

We concur:


/s/
EARL, P. J.


/s/
RENNER, J.

4