Filed 4/8/25  P. v. Henson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARCUS HENSON,<br><br>        Defendant and Appellant. | C100062<br><br>(Super. Ct. No. STK-CR-FECOD-2015-0007347) |

This appeal follows the latest judgment in a series of appeals and remands in defendant Marcus Henson's case.  Defendant was first convicted in 2016 of several violent crimes and obtained a reversal of some of those convictions in 2020.  (*People v. Henson* (Oct. 14, 2020, C084770) [nonpub. opn.] (*Henson*).)  Defendant was resentenced in 2022 and again appealed, this time obtaining a reversal of his gang-related conviction and vacatur of his gang-related enhancements.  (*People v. Henson* (May 22, 2023, C096412) [nonpub. opn.] (*Henson I*).)  On remand from this latest appeal, the trial court denied defendant's request to further reduce his sentence by making it concurrent or

1

striking his firearm enhancement at resentencing.  This would have reduced defendant's aggregate sentence to a single indeterminate term of 15 years to life for attempted murder.

Defendant appeals, arguing that his trial counsel's failure to ask the trial court to substitute a lesser firearm enhancement as an alternative to striking that enhancement constituted ineffective assistance of counsel, and the second amended abstract of judgment following resentencing contains multiple errors requiring correction.  The People agree with defendant's second argument, but oppose the first.  We concur that the second amended abstract of judgment contains errors that require correction.  We will also modify the judgment to correct identified errors in defendant's custody credit award. We will affirm the judgment as modified.

BACKGROUND

As recounted at length in our previous opinion in *Henson, supra*, C084770, and summarized in *Henson I*, the evidence presented by the People at defendant's jury trial established that "[d]efendant and members of the Flyboys gang ambushed two police officers and opened fire at them while they were driving away in an unmarked police car." (*Henson I*, *supra*, C096412.)

Following trial, a jury convicted defendant of numerous crimes, including four counts of attempted murder, and found true various enhancing allegations, including a Penal Code section 12022.53, subdivision (c)[1] firearm enhancement.  (*Henson*, *supra*, C084770.)  The trial court originally sentenced defendant to an aggregate determinate term of 20 years eight months plus an indeterminate term of 30 years to life composed of the time for two of the counts of attempted murder plus one associated firearm

---

[1]     Undesignated section references are to the Penal Code.

2

enhancement and a substantive gang offense.  The terms for the remaining counts and enhancements were stayed or to run concurrent.  (*Ibid.*)

Defendant appealed and this court vacated defendant's convictions for multiple counts and their associated enhancements because they were lesser-included offenses. (*Henson*, *supra*, C084770.)  We also determined defendant's eighth-month sentence for count 10 should have been stayed pursuant to former section 654.  (*Henson*, *supra*, C084770.)  Finally, we reversed two counts of attempted murder for instructional error. (*Ibid.*)  On remand, the People declined retrial of the two attempted murder counts. (*Ibid.*)  At resentencing, defendant asked the trial court to run his firearm enhancement concurrent to his attempted murder sentence or strike it.  The court denied defendant's request, determining that striking the firearm enhancement would not be in the interests of justice.  The court resentenced defendant to an aggregate sentence of 15 years to life for attempted murder plus 20 years for the section 12022.53, subdivision (c) firearm enhancement.  The court also updated defendant's custody credit award, but the minute order and abstract of judgment issued after the hearing failed to reflect his updated credits.

Defendant again appealed, and we reversed his substantive gang conviction and vacated his gang enhancements in light of the changes brought about by the passage of Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 3-4).  (*Henson I*, *supra*, C096412.)  On October 16, 2023, the People elected not to retry defendant on the gang-related allegations, and the gang-related count and enhancements were dismissed and stricken, respectively.  At this same hearing and in light of changes associated with the gang-related allegations, defendant asked the trial court to consider imposing the section 12022.53, subdivision (c) firearm enhancement concurrent to his attempted murder sentence or to strike it in light of the changes to the trial court's discretion under section 1385.  The People opposed this request, and the court continued defendant's resentencing to permit briefing.

3

Defendant's written motion asked the trial court to apply amended section 1385, subdivision (c)(3) to strike his section 12022.53, subdivision (c) firearm enhancement. Specifically, defendant highlighted that he was 18 years old at the time of the offense, had no prior record, grew up without a father, was at a low risk to re-offend, and imposition of the enhancement would result in a sentence over 20 years (§ 1385, subd. (c)(2)(C)).

At the continued resentencing on December 11, 2023, the trial court denied defendant's motion and reimposed an aggregate sentence of 15 years to life for attempted murder plus 20 years for the firearm enhancement. At neither the October nor December hearings did the court award updated custody credits. Defendant timely appealed.

## DISCUSSION

A.     *The Effectiveness of Defendant's Counsel*

Defendant contends that he received ineffective assistance of counsel because trial counsel failed to ask the trial court to impose a lesser firearm enhancement under *People v. Tirado* (2022) 12 Cal.5th 688, 700 (*Tirado*) as an alternative to striking the section 12022.53, subdivision (c) firearm enhancement under section 1385. He argues there was no valid tactical reason for this decision. We reject this claim.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, at pp. 693-694; *Ledesma,* at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.) If it is more efficient to do so, a reviewing court may resolve an ineffective assistance of counsel claim by deciding only the question of prejudice. (*Strickland*, at p. 697.)

4

Defendant has not demonstrated that it is reasonably probable that he would have obtained a more favorable sentence had counsel presented the trial court with the *Tirado* sentencing alternatives. *Tirado* was decided in January 2022 (*Tirado, supra*, 12 Cal.5th 688), almost two years before defendant's hearing in December 2023. Absent an indication to the contrary, we presume the trial court understood the full panoply of its sentencing discretion and applied the law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Defendant has pointed to nothing in the record establishing the trial court misunderstood its discretion or was inclined to impose anything less than the 20-year determinate term associated with the section 12022.53, subdivision (c) enhancement.

In fact, our review of the record suggests the contrary. The trial court originally sentenced defendant to the maximum available sentence in 1997, commenting "[t]his was one of the most heinous crimes that the Court has witnessed during the time I've been a judge." Defendant's appellate efforts cut that sentence from the original 30 years to life plus 20 years eight months to 15 years to life plus 20 years. Thereafter, at the latest resentencing, the trial court again imposed the maximum available sentence of 15 years to life plus 20 years,[2] noting that as a youthful offender defendant would have the opportunity for parole after 15 years. In light of this evidence, we cannot say that defendant has established it is reasonably probable he would have received a more favorable outcome had defense counsel directly asked for the *Tirado* alternatives. (*Strickland v. Washington, supra*, 466 U.S. at p. 694.)

---

[2] The trial court was not without resentencing options. In addition to the *Tirado* alternatives, the trial court also had the option to exercise its discretion under section 654 to change its selection of which counts to stay. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 45 [2021 amendment to § 654 allowed the trial court to select which term to stay unlike the previous version which had required the court to impose and execute the longest potential term].) At the time of resentencing, defendant still had three other previously stayed counts of conviction and their associated firearm enhancements.

B.      *Corrections to the Abstract of Judgment*

Defendant raises several arguments related to the second amended abstract of judgment filed in the trial court on October 20, 2023.  Because the character of the alleged custody credits error is different, we will address that argument separately.

1.      *The Abstract of Judgment Errors*

Defendant observes that the second amended abstract of judgment:  (1) lists the wrong hearing date; (2) includes the dismissed count and stricken gang-related enhancements; and (3) incorrectly identifies the sentence for count 9 as consecutive.  The People concur.

Here, the trial court began defendant's resentencing on remand on October 16, 2023, and continued that hearing to December 11, 2023, to consider defendant's request to strike the section 12022.53, subdivision (c) firearm enhancement.  The minute order following that hearing expressly stated that the second amended abstract of judgment would not be issued until after "it is determined if there are going to be any more modifications to the sentence."  Nonetheless, an abstract of judgment reflecting defendant's determinate and indeterminate terms was filed October 20, 2023.  These documents inaccurately list the "date of hearing" and the "date sentence pronounced" as May 22, 2017.  (Capitalization omitted.)  We agree with the parties that the operative resentencing date on remand was December 11, 2023, and that the second amended abstract of judgment should have reflected that the hearing and resentencing occurred on that date.

Moreover, the second amended abstract of judgment for the determinate term includes the dismissed gang-related count (count 10) and the stricken gang-related enhancements (for counts 2, 5, 6, and 9).  These must be removed.  Further, the sentence for count 9 should not have the "consecutive 1/3 violent" box in section 1 checked.  (Capitalization omitted.)  This sentence was stayed and is not consecutive.  We will direct the trial court to correct the second amended abstract of judgment to correct these errors.

6

### 2. *Defendant's Custody Credits*

Defendant complains the second amended abstract of judgment following sentencing fails to reflect an updated award of custody credits. Specifically, he argues the trial court erred in failing to award: (1) updated custody credits at resentencing on December 11, 2023; and (2) any presentence conduct custody credits at his first sentencing in 2017. Defendant characterizes these errors as clerical and asks us to correct them on appeal. The People agree that defendant is entitled to updated credits.

We disagree with the characterization of these errors as clerical. Nonetheless, the calculation of custody credits normally requires only mathematical computation based upon ascertainable facts from the record and thus does not involve the exercise of judicial discretion. (*People v. Aguirre* (1997) 56 Cal.App.4th 1135, 1139.) Under these circumstances, we will modify the judgment to reflect the correct credit awards as determined below. (See, e.g., *People v. Panighetti* (2023) 95 Cal.App.5th 978, 1004-1005 [modifying judgment to correct trial court's failure to award presentence custody credits].)

### C. *Defendant's Presentence Conduct Credits*

The trial court has a duty to determine a defendant's presentence custody credits. (§ 2900.5, subds. (a), (d).) Pursuant to section 2933.1, a defendant convicted of a violent offense, including attempted murder, is entitled to an award of presentence conduct credits at the rate of 15 percent of his actual custody credits. (§§ 667.5, subd. (c)(12), 2933.1, subd. (a).) A defendant convicted of murder is ineligible for such credit. (§ 2933.2, subd. (a).) Here, at defendant's original sentencing in 2017, the trial court failed to award any conduct credits, instead awarding only 683 actual days of custody credit. The trial court stated that defendant had committed "homicide" and was ineligible for such credit under section 2933.2, subdivision (c). None of the parties corrected the court, and no presentence conduct credits were awarded. Nonetheless, "[a] sentence that fails to award legally mandated custody credit is unauthorized and may be corrected

7

whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) Accordingly, defendant is entitled to an award of 102 days of conduct credits—15 percent of the 683 actual conduct credit days previously awarded.

D.      *Defendant's Updated Actual Custody Credits*

Pursuant to section 2900.1, "when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) This requires the trial court to update the actual custody credits on the amended abstract of judgment to reflect "all *actual* days" spent in custody "whether in jail or prison" up until the resentencing. (*Ibid*.) On March 28, 2022, the trial court awarded updated credits for a total of 2,455 actual days. These credits were not reflected on the minute order or the amended abstract of judgment following the hearing. The trial court failed to award updated custody credits on December 11, 2023.

Because the trial court modified defendant's sentence by dismissing the gang-related count and striking the gang-related enhancements on remand, we agree that defendant is entitled to an updated award of custody credits. (*People v. Buckhalter, supra*, 26 Cal.4th at p. 37.) There are 623 days between defendant's resentencing on March 28, 2022, and his subsequent resentencing on December 11, 2023. Accordingly, the trial court should have awarded defendant an additional 623 days of actual custody credit, bringing his total actual custody credit award to 3,078 days.

DISPOSITION

The judgment is modified to reflect that defendant received 102 days of presentence conduct custody credit as of May 22, 2017.  The judgment is also modified to reflect defendant's updated actual custody credit award as of December 11, 2023, is 3,078 days.  The matter is remanded with directions for the trial court to correct the second amended abstract of judgment to reflect these custody credit awards.  The trial court also shall correct the other errors identified on the second amended abstract of judgment consistent with the guidance in this opinion.  The trial court shall forward a certified copy of the corrected second amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Hull, Acting P. J.

_____\s\_____,
Robie, J.